Elias NAMERDY, Appellant,

v.

GENERALCAR, a corporation, Appellee.

No. 3763.

District of Columbia Court of Appeals.

Submitted Dec. 6, 1965.

Decided Feb. 24, 1966.

George T. Vayda, Washington, D. C., for appellant.

Milton Dunn and Irwin S. Landau, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee sued appellant for $1,112.88 allegedly due under a written agreement. At the trial before the court sitting without a jury, appellee introduced the deposition of one William Hoppen, an attorney retained by it to bring suit against appellant in New York. This deposition, with its accompanying exhibits, was the only evidence presented to the court. Appellant was represented by counsel but neither appellant nor any witness in his behalf attended the trial. After overruling appellant's objections to the admission of the deposition and to certain portions of its contents, the court ruled that the statute of limitations did not bar suit on any of the installments due under the agreement and entered judgment for appellee. Appellant subsequently filed this appeal.

Hoppen's deposition set forth the following: Appellant was the president and principal party in interest of Nametra Incorporated, a wholesale travel agency having its main office in New York City. In July 1960 Nametra became indebted to appellee in the amount of $1,112.88. Appellant acknowledged the debt, and as consideration for appellee's forbearance in bringing suit, agreed, individually and as president of the corporation, to pay it in four monthly installments beginning February 16, 1961. This agreement was set forth in a writing dated November 1, 1960, which was executed by appellant and Hoppen. Pursuant to appellant's request for an extension, the parties entered into a modification of the November 1 agreement wherein the payments were to be made on April 17, May 16, June 16, and July 17, 1961, respectively. This modification, dated March 8, 1961, took the form of a letter to appellant, a copy of which he signed and sent back to Hoppen. Appellant failed to make any payments under the agreement and appellee filed suit against him in New York on April 29, 1961. However, despite the diligent efforts of the process server, he could not be found in that jurisdiction. Appellant was finally traced to the District of Columbia in 1963, and appellee instituted this action on April 23, 1964.

■ Appellant contends that the trial court erred in admitting Hoppen's deposition into evidence because appellee had not made a preliminary showing under Civil Rule 26(d) (3) "that the witness is out of the District of Columbia * * *." All that is required of a party desiring to introduce a deposition into evidence is some proof which will raise a reasonable presumption that the witness is outside the jurisdiction. Proof that the deponent resides and works in another city is sufficient and the deposition itself can be used to show this. Campbell v. Willis, 53 App.D.C. · 296, 290 F. 271 (1923); 26A C.J.S. Depositions § 92(2) b (c) bb. In Campbell the witnesses testified in the depositions that they were residents of New York City and engaged in business there. The court stated:

"* * * In such a case the law presumes that the witnesses continued to live in that city and were there at the time of the trial. [Citations omitted.] The burden of overcoming this presumption was on the objector. * * * He made no attempt to discharge it, hence the depositions were properly received in evidence." (53 App.D.C. at 297–298, 290 F. at 272.)

And in De Bose v. Los Angeles Teachers Credit Union, D.C.Mun.App., 129 A.2d 700 (1957), the establishment of the fact that the deponent was employed in California was considered a sufficient showing that he was "out of the District of Columbia."

■■ Hoppen testified in his deposition that he resided in Ardsley-on-Hudson, New York, and that he practiced law in New York City. In addition, appellee's counsel certified to the court that Hoppen was not present in the jurisdiction at the time of trial and that his absence was not in any way induced or procured by appellee. We believe that this was a sufficient foundation for the use of Hoppen's deposition under Civil Rule 26. Appellant was adequately notified of the taking of the deposition, but as he neither objected nor sought to cross-examine the witness at that time, he cannot now claim that his rights were violated by its use.

■ Appellant contends that the trial court erred in admitting into evidence the written agreements of November 1, 1960, and March 8, 1961, because appellee failed to prove that the signatures purporting to be appellant's were actually his. While it is true that documentary evidence must be authenticated before it will be admitted, such authentication need not be by direct proof—circumstantial evidence will suffice under proper conditions. One such method of authentication is the so-called reply

doctrine. As stated in Campbell v. Willis, supra, at page 299, 290 F. at page 274:

"* * * where a letter is received in response to a letter sent by the receiver, the law will presume that the letter is from the person whose name is signed to it. * * *"

See also Whelton v. Daly, 93 N.H. 150, 37 A.2d 1 (1944); 32 C.J.S. Evidence § 706(b); McCormick on Evidence § 192 (1954); 7 Wigmore on Evidence § 2153 (3d ed. 1940).

■ The March 8 modification agreement was in the form of a letter sent to appellant by Hoppen, wherein he asked appellant to "please sign and return the copy of this letter, retaining the original for your files." The copy admitted into evidence had what purported to be appellant's signature under a statement that "payments agreed upon according to above terms." We think this was sufficient circumstantial proof of appellant's signature, and distinctive as it was, it was sufficient to demonstrate the authenticity of his signature on the November 1 agreement. Furthermore, we note that appellant never denied the validity of the signatures on the documents. His objection was not made until after the evidence had been admitted, and it then went only to the question of whether a sufficient showing of authenticity had been made for purposes of admissibility. In his answer he merely alleged that he had not "contracted as alleged" with appellee. Had he wished to allege fraud or that he had not actually signed the documents in question, he should have so stated, and he should have taken the witness stand to prove the fact. As it was peculiarly within his power to rebut appellee's prima facie case by proving that the signatures were not his, appellant's failure to testify raises a presumption that the evidence would have been unfavorable to his cause. Tendler v. Jaffe, 92 U.S.App.

D.C. 2, 203 F.2d 14, cert. denied 346 U.S. 817, 74 S.Ct. 29, 98 L.Ed. 344 (1953); Campbell v. Willis, supra; Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624 (1948). There was thus an adequate showing that appellant had signed the agreements.

■ Appellant next raises the technical point that appellee failed to prove its corporate existence, which he contends was fatal to its cause. However, the agreement which appellant signed stated that appellee was a Belgian corporation. Having thus recognized appellee's corporate status and having dealt with it as such,[1] appellant is now estopped to deny that appellee is a corporation. Ohio National Bank of Washington v. Central Construction Co., 17 App.D.C. 524 (1901), appeal dismissed 22 S.Ct. 931, 46 L.Ed. 1262 (1902); Chas. Stolper Cooperage Co. v. Miller Hardwood Co., 90 F.2d 173 (7th Cir. 1937); Wulfsohn v. Russo-Asiatic Bank, 11 F.2d 715 (9th Cir. 1926); Cranson v. International Business Machines Corp., 239 Md. 477, 200 A.2d 33 (1964). "[W]here a person enters into a contract with a body purporting to be a corporation, and such body is described in the contract by the corporate name which it has assumed, or is otherwise clearly recognized as an existing corporation, such person thereby admits the legal existence of the corporation for the purpose of any action that may be brought to enforce the contract, and in such an action he will not be permitted, by a plea of nul tiel corporation or otherwise, to deny the legality of its corporate existence * * *." 18 C.J.S. Corporations § 109b(1) at 505.

■ Finally, appellant asserts that the trial court erred in not finding that the statute of limitations barred at least one of the installments due under the agreement. Under the extension agreement the installments were due on April 17, May 16,

---

1. Although the original agreement was between appellant and Jillson, Bedford & Hoppen, attorneys for appellee, it was clearly presented that appellee was the real party in interest and that the attorneys were acting in its behalf.

June 16, and July 17, 1961. Appellee filed its suit on April 23, 1964. It is thus quite clear that it may not recover on the April 17, 1961, installment if the three-year District of Columbia statute of limitations applies. Code 1961, § 12–201 (as amended Supp. V, 1966, § 12–301). As stated in the case of Washington Loan & Trust Co. v. Darling, 21 App.D.C. 132, 140 (1903):

"* * * it is well settled that where a debt is payable in independent instalments the right of action accrues upon each as it matures, and if the obligee shall fail to commence his action until the statutory bar has intervened in the case of one or more instalments, he can only recover those not barred when his action was commenced. * * *"

The trial court allowed recovery on all four installments applying the six-year New York statute of limitations. However, appellee now concedes, and it is apparent from the decided cases, that a limitation on the time of suit is procedural and is governed by the law of the forum. Filson v. Fountain, 90 U.S.App.D.C. 273, 197 F.2d 383 (1952); Kaplan v. Manhattan Life Ins. Co. of New York, 71 App. D.C. 250, 109 F.2d 463 (1939). Nevertheless, appellee urges that we find that the statute of limitations was tolled by the timely filing of a suit in New York and by general principles of estoppel and fundamental justice. There is no basis for finding that filing suit in another jurisdiction tolls the statute of limitations here, and it has been forcibly held that the section of our Code, § 12–205 (as amended Supp. V, 1966, § 12–303), which tolls the statute of limitations while a party is out of the District or when a party absconds or conceals himself, is applicable only to persons who were District residents at the time the cause of action accrued. Frank v. Adams, D.C.Mun.App., 98 A.2d 789 (1953), aff'd 94 U.S.App.D.C. 174, 213 F. 2d 198 (1954); Filson v. Fountain, supra.

Recovery on the first installment was thus barred by limitations.

The judgment entered by the trial court should be set aside and a new judgment entered eliminating the April installment.

Remanded with instructions.