**ROCKET OIL AND GAS COMPANY, a limited partnership, Plaintiff,**

v.

**ARKLA EXPLORATION COMPANY and F. A. Clark, Defendants.**

**No. CIV–77–0489–D.**

United States District Court, W. D. Oklahoma.

July 20, 1977.

James M. Peters, Oklahoma City, Okl., for plaintiff.

William D. Curlee, Oklahoma City, Okl., for defendant Arkla.

R. Robert Huff, Tulsa, Okl., for defendant Clark.

## ORDER

DAUGHERTY, Chief Judge.

This is an action originally brought in the District Court of Oklahoma County, Oklahoma, and subsequently removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441. Plaintiff alleges that this case is a class action brought on behalf of the royalty owners entitled to be paid royalties under the terms of either certain oil and gas leases or a pooling order of the Oklahoma Corporation Commission covering a gas well located in Coal County, Oklahoma. Plaintiff seeks damages herein for Defendants' alleged breach of their obligation under said leases and pooling order to obtain the best price available for the gas produced from the well. It is asserted that this Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Plaintiff has filed herein a Motion to Remand this case to the Oklahoma County District Court. Said Motion is supported by a Brief. Defendant Arkla Exploration Company (Arkla) and Defendant F. A. Clark (Clark) have filed Briefs opposing said Motion.

In support of its Motion, Plaintiff contends that two of the class members are citizens of Louisiana, the state where Defendant Arkla has its principal place of business, and therefore, complete diversity does not exist between all members of the class for whom the action was brought and the Defendants; and that the amount in controversy for many members of the class is less than $10,000.

In opposition to Plaintiff's Motion, both Defendants contend that only the citizenship of the named parties should be considered in determining whether diversity of citizenship exists and that complete diversity exists between the named Plaintiff and Defendants. Defendant Arkla also contends that the claims of the members of the alleged class may be aggregated to satisfy the jurisdictional amount requirement as all members of the alleged class are seeking to enforce a single title or right in which they have a common and undivided interest and furthermore, the pecuniary result to Defendants if Plaintiff prevails in this action would exceed $10,000. Defendant Clark maintains that the interest which the alleged members of the class might have in the claims alleged are not to be considered in determining the jurisdictional amount unless they are parties to the action at the time the complaint was filed and that the claims of Plaintiff as alleged in its Petition exceed the jurisdictional amount.

It has long been established that diversity of citizenship in a class action is determined by the citizenship of the named representatives of the class rather than the citizenship of the class members. *Supreme Tribe of Ben Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921); *United States ex rel. Sero v. Preiser,* 506 F.2d 1115 (Second Cir. 1974), *cert. denied,* 421 U.S. 921, 95 S.Ct. 1587, 43 L.Ed.2d 789 (1975); *Friedman v. Meyers,* 482 F.2d 435 (Second Cir. 1973); *Calagaz v. Calhoon,* 309 F.2d 248 (Fifth Cir. 1962); *Neville v. Delta Insurance Co.,* 45 F.R.D. 345 (D.Minn.1968); *see* Wright and Miller, *Federal Practice and*

*Procedure:* Civil § 1755. Plaintiff's position to the contrary is without merit.

It is also well established that for the purposes of diversity jurisdiction, a partnership is a citizen of each state of which a general partner is a citizen. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Lewis v. Odell,* 503 F.2d 445 (Second Cir. 1974); *Boise Cascade Corp. v. Wheeler,* 419 F.Supp. 98 (S.D.N.Y.1976); *see Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (Second Cir. 1966), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966); Wright and Miller, *Federal Practice and Procedure:* Civil § 3630. In the instant case, Plaintiff alleges that it is an "Oklahoma Limited Partnership, the General Partners of which are R. H. Fleischaker and Joseph B. Singer" and that Defendant Arkla is a Delaware corporation with its principal place of business in Louisiana while Defendant Clark is alleged to be a Massachusetts resident. In its Brief in opposition to Plaintiff's Motion, Defendant Arkla states that "Defendants are informed and believe that these general partners are citizens of the State of Oklahoma." As this assertion is not disputed by Plaintiff, the Court will treat it as true for the purposes of this Motion. Therefore, it appears that the requisite diversity of citizenship exists between Plaintiff and Defendants.

Turning to the jurisdictional amount issue, it is now settled that each member of a class in an action based on diversity of citizenship must possess a claim for more than $10,000 unless a common and undivided interest among the members of the class can be shown. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Gallagher v. Continental Insurance Co.,* 502 F.2d 827 (Tenth Cir. 1974); *see* Wright and Miller, *Federal Practice and Procedure:* Civil § 1756. In the instant case, Plaintiff alleges in its Petition that the section of land in which the class owns all of the mineral interest was established by order of the Oklahoma Corporation Commission as one 640 acre drilling and spacing unit for the production of gas and gas condensate from the Cromwell formation common source of supply and that a subsequent Oklahoma Corporation Commission order pooled all oil and gas interests for production from the Cromwell formation in that section. Under the provisions of 52 Okla. Stat.1971 § 87.1 as construed by the Supreme Court of Oklahoma in *Shell Oil Co. v. Corporation Commission,* 389 P.2d 951 (Okla.1963), each lessee selling gas is required to pay ⅛ of the proceeds of its sale of gas to all of the royalty owners in the unit. Therefore, it appears that the class members have a common and undivided interest in the ⅛ royalty interest in all gas produced from the pooled formation by virtue of the communitization of their fractional mineral interests under the pooling order. Accordingly, as this action seeks to enforce the common right of Plaintiff and the class members to have the gas sold for the best price obtainable, the Court finds that the claims of each class member are joint or common and may be aggregated to satisfy the federal jurisdictional amount requirement. *See Williams v. Humble Oil & Refining Co.,* 234 F.Supp. 985 (E.D.La.1964). As Plaintiff seeks damages against Defendants "in the amount of $1,165,500 to be apportioned among the royalty owners," the aggregate amount in controversy herein clearly exceeds $10,000.

Inasmuch as the Court has determined that both the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 have been met, the Court finds and concludes that this case was properly removed and Plaintiff's Motion to Remand should therefore be overruled.

It is so ordered this 20 day of July, 1977.