LIMBACH COMPANY, a Pennsylvania Corporation, Plaintiff,

v.

RENAISSANCE CENTER PARTNERSHIP, a Michigan Limited Partnership, Defendant.

Civ. A. No. 78–859.

United States District Court, D. Pennsylvania.

Sept. 19, 1978.

James D. Morton, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, for plaintiff.

Arthur H. Stroyd, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, for defendant.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

On June 30, 1978, Limbach Company (Limbach) instituted a civil action for mon-

ey damages against Renaissance Center Partnership (Renaissance) in the Court of Common Pleas of Allegheny County, Pennslvania, for alleged breach of contract arising out of construction work performed at the Renaissance Center project in Detroit, Michigan. On August 3, 1978, Renaissance filed a civil action for damages against Limbach in the United States District Court for the Eastern District of Michigan alleging breach of contract arising out of the same construction project. On August 4, 1978, Renaissance removed the instant case to this court pursuant to 28 U.S.C. § 1441, et seq., asserting that this court has original diversity jurisdiction. 28 U.S.C. § 1332. Limbach now moves to remand to the Court of Common Pleas of Allegheny County alleging want of diversity jurisdiction. Renaissance opposes the motion and has filed a counter-motion, imploring this court to: (1) dismiss the complaint for want of personal jurisdiction; (2) transfer this case to the Eastern District of Michigan; or (3) stay the proceedings.

For the reasons set forth below, we will remand this case to the Court of Common Pleas of Allegheny County pursuant to 28 U.S.C. § 1447(c).

## II. *Discussion*

It is undisputed that Renaissance is a Michigan limited partnership, consisting of one general partner and fifty limited partners. It is also without dispute that three of the limited partners of defendant, as well as Limbach, are citizens of Pennsylvania.[1]

Limbach argues that, since various limited partners of defendant are citizens of Pennsylvania, this court lacks diversity jurisdiction under the recent holding of the Third Circuit Court of Appeals in *Carlsberg Resources Corp. v. Cambria Sav. & L.,* 554 F.2d 1254 (3d Cir. 1977). We agree.

In *Carlsberg,* plaintiff, a limited partnership with its principal place of business in California, filed a civil action asserting that jurisdiction was founded upon diversity of the parties. The defendants were citizens of Pennsylvania. The trial court received evidence that some of the limited partners were citizens of Pennsylvania. Due to the identity of citizenship between Carlsberg's limited partners and the defendants, the trial judge, *sua sponte,* dismissed the complaint for want of jurisdiction.[2] The Court of Appeals affirmed holding:

> (D)iversity jurisdiction may not obtain here, unless *all* of the members of the plaintiff partnership are of [a] distinct citizenship from all of the defendants. *Id.* at 1259 (emphasis original).

In the instant case, Renaissance seeks to avoid the impact of *Carlsberg* by arguing that, since the members of a limited partnership are not indispensable or proper parties and have no capacity to sue,[3] this court should examine only the citizenship of the general partners in determining whether diversity is extant. Since the general partner is a Michigan concern, there is, so the argument goes, requisite diversity.

Defendant's argument is persuasive, and in fact mirrors the dissenting position of Judge Hunter in *Carlsberg,*[4] and the holding of the Second Circuit in *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). However, those authorities were rejected by the majority in *Carlsberg* on the premise that problems of diversity should not be viewed through the perspective of "capacity to sue" rules,[5] and we are bound to respect that judgment.

---

1. *See* Exhibit A to plaintiff's motion to remand.

2. The opinion of Judge Marsh of this court is reported at 413 F.Supp. 880 (W.D.Pa.1976).

3. Defendant cites the Uniform Limited Partnership Act for the proposition that only general partners are indispensable parties. 59 Pa.C.S.A. § 501, et seq. (1975). As for the capacity to sue of limited partners, § 26 of the Act provides: "A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership." 59 Pa.C.S.A. § 545 (1975).

4. 554 F.2d at 1262.

5. 554 F.2d at 1260.

Renaissance attempts to distinguish *Carlsberg* on the theory that that case dealt with a limited partnership which was a party-plaintiff, while the case at bar deals with a defendant as a limited partner. Defendant would have us conclude that the identity of citizenship of limited partners for diversity purposes should be considered only if a limited partnership is a plaintiff and not a defendant. Such a reading of *Carlsberg* is unfounded, particularly since the Court spoke of suits brought "by or against" a limited partnership throughout the opinion.[6] In fact, Judge Hunter, in dissent, stated the issue as:

> (W)hether the citizenship of limited partners should be 'counted' when a limited partnership *sues or is sued* in a diversity action . . .. 554 F.2d at 1262. (emphasis added).

In our judgment, *Carlsberg* mandates the conclusion that this court lacks jurisdiction, where, as here, an action is brought against a limited partnership and complete diversity is absent between the plaintiff and all members of the limited partnership.

Even if we doubted the correctness of our holding, remand is preferred due to the unfairness of exposing plaintiff to the possibility of obtaining a final judgment in federal court, only to have it determined on appeal that the court lacked jurisdiction to reach the merits.[7] *See, Rosack v. Volvo of America Corp.,* 421 F.Supp. 933 (N.D.Cal. 1976); Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3739 at 763–764 (1976).

As a final gambit, Renaissance argues that, even if remand is appropriate, this court should initially examine and resolve defendant's motion to dismiss for lack of personal jurisdiction. Despite the court's want of subject matter jurisdiction due to *Carlsberg*, the court may entertain a motion to dismiss for lack of personal jurisdiction before passing on the motion to remand. *Walker v. Savell,* 335 F.2d 536 (5th Cir. 1964); *Amins v. Life Support Medical Equipment Corp.,* 373 F.Supp. 654 (E.D.N.Y.1974); 1A J. Moore, Federal Practice, paragraph 0.168–0.169 (2d Ed. 1965).

The decision to entertain such a motion despite the lack of subject matter jurisdiction is discretionary and the court is free to dispose of the case upon whichever of the two grounds (remand or dismissal) appears to be more convenient or appropriate. *Walker v. Savell, supra* at 539.

In the case at bar, it would be inappropriate and possibly unjust to Limbach to adjudge defendant's motion to dismiss before remanding and we decline to do so. As our earlier analysis revealed, this court lacks diversity jurisdiction. Accordingly, if we determined the existence of personal jurisdiction over defendant, we would still be required to remand to state court. Moreover, questions of personal jurisdiction raise complex issues relating to defendant's contacts with Pennsylvania.[8] The parties would be entitled to extensive discovery. Time would be expended before the court could resolve the issue, thereby further delaying the action.

We do not question defendant's motives in removing this case to this court. It should be noted, however, the question of personal jurisdiction could have been raised in state court following the filing of the complaint. Once the case is remanded to state court, the defendant can, of course, seek dismissal at that time; therefore, the court foresees little, if any, prejudice resulting from our decision to remand rather than deciding defendant's motion to dismiss.

---

**6.** 554 F.2d at 1260–1261.

**7.** An order granting or denying a remand is not appealable whether by direct appeal or extraordinary writ. 28 U.S.C. § 1447(d); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 352–353, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). The only exception to this rule pertains to a remand which is based on reasons not authorized by the removal statute. *Thermtron Products, Inc. v. Hermansdorfer, supra,* (Judge stated trial docket was too heavy).

**8.** See, 42 Pa.C.S.A. § 5322, et seq. (1978); *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

We will enter an appropriate order remanding this case to the Court of Common Pleas of Allegheny County.