Bordman G. BARBY, Sondra Barby, Celestine Barby, Leland D. Barby and Liberty National Bank and Trust Company, as Co-Trustees of the Otto C. Barby Trusts, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

CABOT CORPORATION, a corporation, Defendant.

No. CIV–78–0716–D.

United States District Court, W.D. Oklahoma.

Nov. 17, 1981.

Donald R. Liles, Woodward, Okl., for plaintiffs.

C. Harold Thweatt and Arlen E. Fielden, Oklahoma City, Okl., and Edwin S. Nail, Houston, Tex., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This is an action wherein Plaintiffs are seeking damages for Defendant's failure to diligently market the natural gas produced from certain gas wells located on property in which Plaintiffs own a mineral interest. Plaintiffs assert that Defendant was dilatory in renegotiating certain expired gas purchase contracts. Plaintiffs also contend that Defendant paid royalties based on a price which was less than the gas purchase contract price.

The Court finds and concludes that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. This action came on for non-jury trial before this Court on April 3, 1981. At the close of the evidence the parties were requested to file proposed findings of fact and conclusions of law which have now been filed with the Court. After consideration of the evidence presented at the trial and the Briefs, arguments of counsel and proposed findings of fact and conclusions of law filed herein, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52, Federal Rules of Civil Procedure.

Plaintiffs are the owners of numerous mineral interests in Beaver County, Oklahoma. Said interests are subject to an oil and gas lease in which Plaintiffs are the lessors and Defendant is the lessee. The oil and gas lease was executed on November 13, 1956, and provides that Defendant will pay Plaintiffs as royalties one-eighth (⅛) of the amount realized by Defendant from the sale of natural gas produced and sold at the wells. Each of the tracts involved herein have been established in 640-acre drilling and spacing units by the Oklahoma Corporation Commission.

The gas produced from the tracts in question has been dedicated for sale under four separate gas purchase agreements. One contract is with Panhandle Eastern Pipeline Company (Panhandle contract); one is with Colorado Interstate Gas Company (Colorado contract); and two contracts are with Northern Natural Gas Company (Northern contract No. 62 and Northern contract No. 64). Tracts numbered 1, 5, 9, 10, 11, 15, 16, 26, 29, 30, 34, 37 and 67 are dedicated for sale under the Panhandle contract. Tracts numbered 4, 6, 7 and 8 are dedicated for sale under the Colorado contract. Tracts numbered 12, 41, 44, 45, 48, 50, 51, 52, 53, 54, 55, 56, 57, 63, 64, 65 and 66 are dedicated for sale under the Northern contract No. 64. Tract numbered 13 is dedicated for sale under the Northern contract No. 62.

Due to the establishment of the drilling and spacing units established by the Oklahoma Corporation Commission there are other working interest owners selling gas from some of the tracts covered by each of the above contracts. All of the tracts covered by the Northern contract No. 64 except numbers 48 and 56 involve split connections to other gas purchasers. Five of the tracts covered by the Panhandle contract involve split connections to other gas purchasers. Five of the tracts covered by the Panhandle contract involve split connections to other gas purchasers. One tract covered by the Northern contract No. 62 and the Colorado contract involve split connections to other gas purchasers.

■ Since several of the tracts involved herein involve split connections and sales of some of the gas produced to other purchasers under different gas purchase agreements, Plaintiffs as royalty owners in said tracts are entitled to share with the royalty owners in said tracts in one-eighth of all production from a well drilled on a tract in the proportion that a royalty owner's acreage in such a tract bore to the entire unit acreage. *Shell Oil Company v. Corporation Commission,* 389 P.2d 951 (Okl.1963); *see also Rocket Oil and Gas Company v. Arkla Exploration Company,* 435 F.Supp. 1303 (W.D.Okl.1977). The end result of this sharing of the royalties from all gas produced from a tract which has been communitized is that each royalty owner receives a weighted average price for his royalty payment which may vary slightly from the contract price received by a royalty owner's

lessee. This is due to the varying prices received under gas purchase agreements by the different working interest owners in a communitized tract.

The Colorado contract expired in May, 1977, and Defendant did not enter into a new purchase agreement for the gas produced from the tracts covered by said contract until February of 1979. Until the new contract was entered into, Colorado paid for gas produced from the tracts in question the price called for in the expired Colorado contract which was well below what Defendant could have received for the gas in question. In a separate suit before Judge Eubanks of this Court, involving the same parties as in the instant case but different tracts covered by the Colorado contract, Judge Eubanks found that Defendant Cabot Exploration was dilatory in replacing the Colorado contract after it expired and awarded Plaintiffs damages. *Barby v. Anadarko Production Company,* CIV–78–758–E (W.D.Okl. April 17, 1980).

The Northern contract No. 62 expired in July, 1977, and was subsequently replaced by a new purchase agreement on September 28, 1978. Plaintiff has failed to present any evidence that Defendant was dilatory in renegotiating this contract.

The evidence shows that during the times involved herein natural gas was in demand and Defendant should have had little difficulty in renegotiating new gas purchase agreements as they expired. Furthermore, the best price which could have been obtained by Defendant was the ceiling rates set by the Federal Power Commission and its successor the Federal Energy Regulatory Commission. The ceiling rates for gas of the vintage in question were 53 cents plus a tax adjustment for 1977 and 54 cents plus a tax adjustment in 1978.

Plaintiffs contend that Defendant violated its duty to market the gas produced by being dilatory in renegotiating the Northern contract No. 62 when it expired and in seeking a higher price for the gas. Plaintiffs further contend that Defendant was dilatory in renegotiating the Colorado contract for a higher price when it expired.

Finally Plaintiffs contend that Defendant has paid royalties under the Northern contract No. 62 and Panhandle contract based on a price which is lower than the respective contract prices.

Under Oklahoma law a producer has a duty to market the gas produced from a well and to obtain the best price and terms available. *Tara Petroleum Corp. v. Hughey,* 630 P.2d 1269 (Okl.1981). The burden of proving that a producer has violated this duty is upon the lessor. *See Tara Petroleum Corp. v. Hughey, supra.*

In the instant case Plaintiffs have failed to meet their burden of showing that Defendant was dilatory in renegotiating the Northern contract No. 62 after it expired in July of 1977. Accordingly, Plaintiffs are not entitled to relief on their contention that Defendant violated its duty to market the gas produced from the tract covered by the Northern contract No. 62.

As to Plaintiffs' contention that Defendant was dilatory in renegotiating the Colorado contract, that issue has been previously litigated in Plaintiffs' favor and Plaintiffs are entitled to relief on that claim. *Barby v. Anadarko Production Company, supra.* In this connection a previous judgment precludes relitigation of issues determined between the same parties even where the causes of action are different in a subsequent action. *Wabaunsee v. Harris,* 610 P.2d 782 (Okl.1980); *Laws v. Fisher,* 513 P.2d 876 (Okl.1973). The principal parties involved in the case before Judge Eubanks are also involved in the instant case. Therefore, the question of whether Defendant was dilatory in renegotiating the Colorado contract may not be relitigated and said question is therefore found in favor of Plaintiffs. Plaintiffs' claim damages of $8,411.50 due to Defendant's breach of its duty to diligently market the gas produced from the tracts covered by the Colorado contract. This is based upon the price Defendant could have received for the gas in question, the ceiling rate, and the price actually received by Defendant between September, 1977 and February, 1979, when

the new Colorado contract became effective. The Court finds that the damages claimed are fair compensation for Defendant's breach and accordingly finds that Plaintiffs are entitled to damages of $8,411.50 for Defendant's breach of its duty to diligently market the gas in question.

As to Plaintiffs' contention that Defendant paid them royalties based upon a price which was less than the contract prices provided in the Northern contract No. 64 and the Panhandle contract, the Court finds that these variances in royalties paid were due to the fact that many of the tracts covered by said contracts were communitized tracts with several working interest owners. Therefore, the royalties paid Plaintiffs under these contracts were based on a weighted average price of all the gas sold from the tracts in question under the different gas purchase agreements which included the Northern contract No. 64 and Panhandle contract in addition to other purchase agreements. This is in accordance with the requirements of Oklahoma law and Plaintiffs are therefore not entitled to relief on this claim. *See generally Shell Oil Company v. Corporation Commission, supra.*

In view of the foregoing and after due consideration of all of the evidence, arguments and Briefs of the parties, the Court finds and concludes that Defendant violated its duty to diligently market the gas produced from the tracts covered by the Colorado contract and therefore Plaintiffs are entitled to judgment in their favor in the amount of $8,411.50. The Court further finds and concludes that Defendant was not dilatory in renegotiating the Northern contract No. 62 and that Defendant is paying Plaintiffs royalties in accordance with Oklahoma law under both the Northern contract No. 64 and Panhandle contract.

Accordingly, judgment should be entered in favor of Plaintiffs and against Defendant in the amount of $8,411.50 as to Plaintiffs' contentions on the Colorado contract. Judgment should be entered in favor of Defendant and against Plaintiffs on Plaintiffs' remaining contentions and the same should be dismissed.

The Plaintiffs are directed to prepare a judgment in accordance with the foregoing and submit the same to Defendant for approval and then submit said judgment to this Court within 10 days of this date.