**Patrick W. CONROY, Plaintiff,**

v.

**Arthur M. WINN and AWD Corporation, Defendants/Counterclaimants.**

Civ. A. No. 83–3420.

United States District Court,
District of Columbia.

March 29, 1984.

Gilbert E. DeLorme, J. Gordon Forester, Jr., Richard G. Wise, Washington, D.C., for plaintiff.

John C. Wyman, Boston, Mass., and Nathalie P. Gilfoyle, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

■ This is a contract action brought in federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. At a scheduling conference held on January 11, 1984, the Court raised with counsel the issues of venue and jurisdiction. Discovery was opened for the limited purpose of addressing these concerns, and the parties were directed to file statements by March 19, 1984. After careful consideration of the pertinent case law, the Court concludes that it lacks subject matter jurisdiction over this action and accordingly the case must be dismissed.[1]

■ The present suit is, in essence, an action between two limited partnerships organized under District of Columbia law. See 41 D.C.Code § 201 et seq. The named parties are the general partners of the two limited partnerships and as between the general partners there exists complete diversity. If the parties to the action are viewed as including the limited partners, however, complete diversity is lacking inasmuch as one limited partner of defendants' limited partnership is a citizen of Texas, as is plaintiff Conroy, and both limited partnerships have limited partners who are citizens of Virginia.

---

1. In their statement defendants waived any objections to venue and personal jurisdiction and, while recognizing that subject matter jurisdiction was uncertain, urged the Court to find that it had such jurisdiction. Deficiencies in subject matter jurisdiction cannot be waived, of course, and "a federal court has the duty to determine whether it has subject-matter jurisdiction." *Bouchet v. The National Urban League, Inc.,* 730 F.2d 799 at 805 (D.C.Cir.1984).

Although the question of whether the citizenship of limited partners "counts" in determining whether the Court has jurisdiction under 28 U.S.C. § 1332 is apparently one of first impression in this Circuit,[2] it has been addressed by other courts. The Second Circuit has concluded that only the citizenship of general partners should be considered because, under New York law, limited partners are not proper parties to an action by or against the partnership.[3] *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183–84 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966).[4] This approach has been followed by a number of District Courts in other Circuits.[5]

The Third Circuit, on the other hand, has reached the opposite result. In concluding that complete diversity can be destroyed by the citizenship of the limited partners, the Third Circuit relied on the "traditional" rule that in determining the citizenship of partnerships and unincorporated associations the court looks to the citizenship of that organization's members. *Carlsberg Resources Corporation v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254, 1258 (3d Cir.1977). Reasoning also that "state statutes concerning the capacity to sue [do not] operate to liberalize access to the federal courts under diversity jurisdiction," the Court rejected the approach of *Colonial Realty*, 554 F.2d at 1261.[6] This approach likewise has been followed by District Courts in other Circuits.[7]

The Court has carefully considered the arguments presented by the Second and Third Circuits and by the lower courts that have followed them. While each side has its merits, the Court has concluded that the arguments presented by those courts adopting the view of the Third Circuit are the more persuasive. See particularly *Carlsberg Resources Corp.*, 554 F.2d at 1257–62, and *Hereth*, 544 F.Supp. at 112–17. Inasmuch as these arguments have been adequately explicated in the cases cited, little would be gained by repeating them here and the Court does not do so.

Because there is not complete diversity of citizenship between the members of the limited partnerships on either side of this case, the court lacks subject matter jurisdiction and the case must therefore be dismissed. An appropriate Order is filed herewith.

---

**2.** Both the Supreme Court and the D.C. Circuit have recognized this issue without deciding it. *See Navarro Savings Association v. Lee*, 446 U.S. 458, 475 n. 6, 100 S.Ct. 1779, 1789 n. 6, 64 L.Ed.2d 425 (1980) (Blackmun, J., dissenting); *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 357 n. 1 (D.C.Cir.1983).

**3.** District of Columbia law is similar to New York law in this respect, D.C.Code § 41–226, as is the law in most of the other jurisdictions where this problem has been addressed.

**4.** *See also Erving v. Virginia Squires Basketball Club*, 349 F.Supp. 709, 711 (E.D.N.Y.1972).

**5.** *Wroblewski v. Brucher*, 550 F.Supp. 742, 744 (W.D.Okla.1982); *Sixth Geostratic Energy Drilling Program 1980 v. Ancor Exploration Co.*, 544 F.Supp. 297, 299–305 (N.D.Okla.1982); *Williams v. Sheraton Inns, Inc.*, 514 F.Supp. 22, 22 (E.D. Tenn.1980); *Rocket Oil & Gas Co. v. Arkla Exploration Co.*, 435 F.Supp. 1303, 1305 (W.D.Okla. 1977); *C.P. Robinson Construction Co. v. National Corporation for Housing Partnerships*, 375 F.Supp. 446, 449 (M.D.N.C.1974).

**6.** *See also Trent Realty Associates v. First Federal Savings & Loan Ass'n of Philadelphia*, 657 F.2d 29, 31–32 (3d Cir.1981); *Nobel v. Morchesky*, 535 F.Supp. 218, 223 (W.D.Pa.), *rev'd on other grounds*, 697 F.2d 97 (3d Cir.1982); *Haeberle v. Texas International Airlines*, 497 F.Supp. 1294, 1298 (E.D.Pa.1980); *Limbach Co. v. Renaissance Center Partnership*, 457 F.Supp. 347, 348–49 (W.D.Pa.1978).

**7.** *Hereth v. Jones*, 544 F.Supp. 111, 112–17 (E.D. Va.1982); *Grynberg v. B.B.L. Associates*, 436 F.Supp. 564, 566–68 (D.Colo.1977).