GORDON–MAIZEL CONSTRUCTION CO., INC., Plaintiff,

v.

LEROY PRODUCTIONS, INC., et al., Defendants.

Civ. A. No. 86–720.

United States District Court, District of Columbia.

July 22, 1986.

Gerald I. Katz, Mark J. Stone, Vienna, Va., for plaintiff.

Daniel M. Litt, Douglas B. Michkin, Washington, D.C., for Krick.

Franklin E. Tretter, New York City, for LeRoy.

David H. Schwartz, Phillip H. Harris, S. Scott Morrison, Washington, D.C., for Wash. Harbor, CSX, Pot. Commons, Miller, Kramer, and Georgetown Pot. Co.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This Memorandum Opinion addresses the issue whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although no motion to dismiss has been presented to the Court, it is the duty of a federal court in every case to determine whether it has subject matter jurisdiction. *Bouchet v. The National Urban League, Inc.*, 730 F.2d 799, 805 (D.C.Cir. 1984). Therefore, the Court addresses this jurisdictional issue *sua sponte*.

The underlying question is whether the citizenship of limited partners "counts" in determining whether a court has diversity jurisdiction over an action involving limited partnerships. In the case at bar, defendant Washington Harbour Associates is a District of Columbia limited partnership with three of its five limited partners residing in Maryland, the same state of which plaintiff Gordon-Maizel is a citizen. Judge Gessell addressed this question of first impression

in this circuit in *Conroy v. Winn*, 581 F.Supp. 1280 (D.D.C.1984). In *Conroy*, the court found that there was complete diversity as between the general partners of the limited partnerships. However, both parties in *Conroy* had limited partners who were Virginia citizens; furthermore, the plaintiff general partner and one defendant limited partner were both citizens of Texas. The court concluded that because there was not complete diversity of citizenship, the court lacked subject matter jurisdiction.

Judge Gesell examined two conflicting circuit court decisions in making his determination. The Second Circuit had concluded that only the citizenship of general partners should be considered when determining diversity jurisdiction, since under New York law, limited partners are not considered proper parties to an action by or against the partnership, except where the object is to enforce a limited partner's right against or liability to the partnership. *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183–84 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966).

The Third Circuit reasoned, however, that under the traditional analysis of noncorporate entities, a court must always look to the citizenship of all the organization's members in order to determine diversity. *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n*, 554 F.2d 1254, 1258 (3d Cir.1977). In addition, the *Carlsberg* court looked to *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), which called for complete diversity between all parties opposed in interest. *Carlsberg Resources Corp., supra*, 554 F.2d at 1258.[1]

While Judge Gesell held that the Third Circuit's position was more persuasive than that of the Second Circuit, the Court is inclined to reach the opposite result. Unless a party can sue or be sued, it seems illogical to "count" them for diversity purposes. While capacity to sue and diversity jurisdiction are different matters, there is a logical nexus between the status of a party for diversity purposes and that party's capacity to be sued. As discussed by the dissent in *Carlsberg Resources Corp.*, a court can only determine whose citizenship to count for diversity purposes by looking to see who are the real parties in interest. 554 F.2d at 1263. Since District of Columbia law is similar to New York law in that limited partners are not considered proper parties to a proceeding by or against the partnership, this court follows the reasoning set forth by Judge Friendly in *Colonial Realty*. *See* D.C.Code § 41–226.

Several Supreme Court cases have held that the citizenship of a noncorporate entity is determined by the citizenship of its members, yet even the *Carlsberg* court recognized that none of these cases squarely addresses the exact question of a limited partnership. *Carlsberg*, 554 F.2d at 1259. At the time when *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900), and *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889), were decided, all of the partners were considered to be of a "limited" status. *Carlsberg* at 1258. General partners and limited partners did not have the divergent status they have today. *Id.* at 1259. Therefore, the traditional treatment afforded partnerships is not affected by considering only the citizenship of the

---

1. There also has been no consensus reached among district courts which have dealt with this issue. *See Wroblewski v. Brucher*, 550 F.Supp. 742, 744 (W.D.Okla.1982); *Sixth Geostratic Energy Drilling Program 1980 v. Ancor Exploration Co.*, 544 F.Supp. 297, 299–305 (N.D.Okla. 1982); *Williams v. Sheraton Inns*, 514 F.Supp. 22, 22 (E.D.Tenn.1980); *Rocket Oil & Gas Co. v. Arkla Exploration Co.*, 435 F.Supp. 1303, 1305 (W.D.Okla.1977); *C.P. Robinson Construction Co. v. National Corporation for Housing Partnerships*, 375 F.Supp. 446, 449 (M.D.N.C.1974); *Erving v. Virginia Squires Basketball Club*, 349 F.Supp. 709, 711 (E.D.N.Y.1972). *Contra Hereth v. Jones*, 544 F.Supp. 111, 112–17 (E.D.Va.1982); *Trent Realty Associates v. First Federal Savings & Loan Ass'n of Philadelphia*, 657 F.2d 29, 31–32 (3d Cir.1981); *Nobel v. Morchesky*, 535 F.Supp. 218, 223 (W.D.Pa.), *rev'd on other grounds*, 697 F.2d 97 (3d Cir.1982); *Haeberle v. Texas International Airlines*, 497 F.Supp. 1294, 1298 (E.D.Pa. 1980); *Limbach Co. v. Renaissance Center Partnership*, 457 F.Supp. 347, 348–49 (W.D.Pa.1978); *Grynberg v. B.B.L. Associates*, 436 F.Supp. 564, 566–68 (D.Colo.1977).

general partners for diversity purposes. Limited partnerships should be treated as the distinct creatures they are. *Carlsberg, supra,* 554 F.2d at 1266 (dissenting opinion).

Accordingly, in this case, since the general partners of Washington Harbour are all of diverse citizenship from the plaintiff Gordon-Maizel, the Court concludes that it does have subject matter jurisdiction.