Arthur S. CURTIS, Appellant,

v.

ALUMINUM ASSOCIATION,
et al., Appellees.

No. 91–592.

District of Columbia Court of Appeals.

Argued Feb. 20, 1992.
Decided April 24, 1992.

Arthur S. Curtis, pro se.

Joyce Notarius, for appellee Aluminum Ass'n.

Kenneth G. Roth, for appellee Wolf–Lenkin Ltd. Partnership.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

The Superior Court of the District of Columbia dismissed appellant's suit against Aluminum Association and other defendants on the ground that the three-year statute of limitations governing such actions had expired pursuant to D.C.Code § 12–301(3). Appellant Curtis concedes that the statute of limitations had run, but urges this court to apply the doctrine of "equitable tolling" and to hold that his earlier suit filed in the United States District Court for the District of Columbia, which asserted the same cause of action but had been dismissed by that court for lack of subject matter jurisdiction, tolled the statute of limitations for purposes of his Superior Court suit. We affirm.

Mr. Curtis, a member of the Bar who represents himself in this proceeding, seeks relief from alleged water damage to his property alleged to have occurred in February of 1987. He originally filed his action in the United States District Court for the District of Columbia on November 3, 1989. That action, although filed prior to the expiration of the three-year statute of limitations, failed to meet the subject matter jurisdictional requirement of "complete diversity" between all plaintiffs and all defendants. Accordingly, Mr. Curtis' District Court lawsuit was dismissed for lack of subject matter jurisdiction. He subsequently filed a lawsuit in the Superior Court on February 13, 1991, well after the expiration of the three-year statute of limitations.

Mr. Curtis, relying primarily on decisions of other courts, urges this court to hold that equitable tolling excuses him from the statute of limitations of the District of Columbia. We have held, however, that "[t]here is no basis for finding that filing suit in another jurisdiction tolls the statute of limitations here...." *Namerdy v. Generalcar,* 217 A.2d 109, 113 (D.C.1966); *see also Bond v. Serano,* 566 A.2d 47 (D.C. 1989).

In *Bond,* plaintiff originally filed suit in the United States District Court for the District of Columbia, alleging diversity of citizenship. The District of Columbia, one of several defendants, successfully moved for dismissal of the suit as to it on the grounds for lack of diversity. Plaintiff subsequently filed an identical complaint

against the District in the Superior Court of the District of Columbia. The statute of limitations, however, had expired by that time. Plaintiff argued on appeal that the original complaint filed in federal court tolled the statute of limitations with respect to the Superior Court action. This court upheld the trial court's decision not to apply the doctrine of equitable tolling.

We are unconvinced by appellant's efforts to distinguish the holding in *Bond.* There is no significant distinction between the circumstances upon which this court ruled in *Bond,* and the circumstances presented here. Thus, our holding in *Bond* binds this division.

Affirmed.

ROGERS, Chief Judge, with whom SCHWELB, Judge, joins, concurring:

Appellant stored personal property in the basement of appellees' building.[1] As the result of a snowstorm in February 1987, water pipes froze and burst in a floor above and flooded the basement, allegedly causing damage to appellant's property. At oral argument, appellant, a Virginia resident, stated that he filed his lawsuit in federal court after consultation with others because he was likely to receive a trial date in one year, in comparison with the District of Columbia courts where he was unlikely to receive a trial date for three years.

Appellant filed suit in federal court on November 3, 1989. In April 1990, the United States Supreme Court held in *Carden v. Arkoma Assocs.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), that citizenship of limited partners must be taken into account in determining diversity of citizenship among parties. A year later the federal suit was dismissed for lack of jurisdiction, because one of appellees' limited partners also was a Virginia resident; the judge noted that the result was "harsh." In denying appellant's motion for reconsideration, the judge also noted, however, that in its order of dismissal it had stated that *Carden* " 'is not a new rule, but it is a restatement of the oft-repeated rule that

diversity must exist between all members of a business entity.' " On February 13, 1991, two months before the dismissal of his federal lawsuit, appellant filed suit in the local trial court, anticipating, he claimed in his brief on appeal, the effect of *Carden.* Because the local suit was filed more than three years after his cause of action had accrued, the trial judge dismissed appellant's complaint on March 18, 1991; he also denied a motion to reconsider.

I write separately for the purpose of suggesting again, *see Bond v. Serano,* 566 A.2d 47, 49 (D.C.1989) ("[t]wo members of this division ... believe that the issue may be worthy of *en banc* consideration"), that the en banc court should consider whether to adopt the doctrine of equitable tolling as an exception to the statutory limitations bar. Although the cases do not appear to arise often, in the last three years this court has twice been presented with a situation in which a good faith choice of forum by a plaintiff has resulted in the denial of a local forum in the absence of advancement of the purposes underlying statutes of limitation.

The source of our present rule is *Namerdy v. Generalcar,* 217 A.2d 109 (D.C.1966), where a plaintiff who could not obtain jurisdiction of the defendant in the foreign courts sought to sue late (after the statute of limitations had run) in the local court to collect four installment payments due. In concluding that suit on collection of the first installment payment under the parties' agreement was barred by the statute of limitations, the court stated that

[t]here is no basis for finding that filing suit in another jurisdiction tolls the statute of limitations here, and it has been forcibly held that the section of our Code, § 12–205 (as amended Supp. V, 1966, § 12–303), which tolls the statute of limitations while a party is out of the District or when a party absconds or conceals himself, is applicable only to

---

1. Appellees are the general landlord, and the tenant of which appellant was a subtenant, both of which have offices in the District of Columbia.

persons who were District residents at the time the cause of action accrued. 217 A.2d at 113 (citations omitted).[2]

Thereafter, in *Bond v. Serano, supra*, 566 A.2d 47, the court revived *Namerdy*. In *Bond*, the plaintiff in a vehicular collision filed suit against the District of Columbia and other defendants in the federal court in August 1986, two weeks short of the three-year statute of limitations. In September, the District moved to dismiss on the ground of lack of diversity jurisdiction, and four days later, on September 12, 1986, the plaintiff filed an identical lawsuit in the District of Columbia courts. The District moved to dismiss the local lawsuit on the ground that the statute of limitations had expired on August 27, 1986, 16 days before suit was filed.

Meanwhile, in January 1987, the federal district court judge had ruled that pendent party jurisdiction over the District of Columbia was proper. However, on June 5, 1987, the U.S. Court of Appeals for the District of Columbia Circuit held, in an unrelated case, that federal courts may not exercise such jurisdiction over the District of Columbia in a diversity case. *Long v. District of Columbia*, 261 U.S.App.D.C. 1, 820 F.2d 409 (1987). Thereafter, the federal lawsuit against the District of Columbia was dismissed, leaving intact the lawsuit against the other individual defendants, and the District renewed its motion to dismiss the local lawsuit. *Bond v. Serano, supra*, 566 A.2d at 48.

This court affirmed the trial court's rejection of the position that the pendency of the federal action filed in reasonable ("though in hindsight mistaken") belief tolled the statute of limitations. *Id.* at 49. In so doing the court noted that the trial judge had found the plaintiff's position:

to have 'considerable intuitive appeal' because District of Columbia law favors resolving claims on the merits, and because the District government had conceded that the primary purposes underlying statutes of limitation—protection against stale claims, surprise, and loss of

evidence—were not immediately implicated in this case. The court concluded, nevertheless, that 'basic considerations ... militate against creating a new exception to the statute of limitations.'

*Id.* at 48. The trial judge noted that this court had not created a general equitable exception to the statute of limitations and such exceptions as it had adopted were narrow. *Id.* This court thereafter rejected Bond's request to hold that

equitable tolling may relieve a plaintiff of the consequences of failure to comply with the statute of limitations where: (a) the original suit filed, although dismissed without prejudice, gave timely notice to the defendant of the plaintiff's cause of action; (b) there was no prejudice to the defendant in gathering evidence to defend against the second claim; and (c) plaintiff acted reasonably and in good faith in prosecuting the first action and diligently in filing the second.

*Id.* at 49. The court determined that in *Namerdy v. Generalcar, supra*, 217 A.2d 109, the court had "rejected a contention not materially distinguishable...." *Id.*

The instant case is perhaps more troubling than either *Namerdy v. Generalcar* or *Bond v. Serano* because appellant is being denied any opportunity to recover against anyone. Unlike the plaintiff in *Namerdy*, appellant does not have a divisible claim. There also are no other defendants that appellant can sue, as there were in *Bond v. Serano, supra*, 566 A.2d at 53 (Farrell, J., concurring) (three defendants remained subject to suit in federal court). Furthermore, this is not a case in which the plaintiff can be faulted for not having located the defendants before the statute of limitations had run, as in *Namerdy v. Generalcar, supra*, 217 A.2d at 111. Although it might be suggested that appellant may have taken a chance on filing in the federal court in view of longstanding law requiring total diversity, there is nothing to indicate that he knew there was such a risk or that there was a limited partner among appellees who would defeat diversity jurisdic-

**2.** The plaintiff in *Namerdy* was still able to collect on all except the first installment pay-

ment under the parties' agreement. 217 A.2d at 113.

tion.[3] *Bond v. Serano, supra,* 566 A.2d at 49 (Farrell, J., concurring) (noting that the plaintiff sought "to be relieved of the consequences of his mistake" in thinking he could obtain pendant jurisdiction over the District of Columbia in a diversity action in federal court). Nor does this appear to be a case in which the defendants sought dismissal of the federal lawsuit on jurisdictional grounds.[4]

Our current rule means that, contrary to the usual concern about judicial economy, much less making the courts available and avoiding unnecessary litigation and litigation costs, a plaintiff must file in all possible fora in order to avoid a later limitations bar as the result, at least in part, of an intervening appellate determination making the favored forum no longer available. This is, arguably, consistent with the general (and old) rule that where a plaintiff mistakes his remedy, the remedy is barred in the absence of a savings statute if time runs and his action is nonsuited or dismissed. *Bond v. Serano, supra,* 566 A.2d at 51, (citing *Willard v. Wood,* 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed. 531 (1896)). It is premised on the view that it is for the legislature to determine that an equitable tolling exception to the statute on limitations shall apply. *Id.* at 50, 52–53 (citing two decisions of the U.S. Court of Appeals for the D.C. Circuit, one noting that the legislature had not enacted an exception). While I agree that the legislature can enact such an exception, I do not agree that adoption by the court of any equitable tolling doctrine would be "an impermissible inroad on the legislature's authority...." *See id.* at 54 & 49 n. 3 (cases cited from other jurisdictions adopting eq-

uitable tolling doctrine); *see also Galligan v. Westfield Centre Service, Inc.,* 82 N.J. 188, 412 A.2d 122, 124 (1980) ("harshness and lack of definitional clarity have led courts to develop a common law of limitations" (citing, 412 A.2d at 124–25, decisions by the United States Supreme Court and the California and Michigan courts)).

This court has not heretofore viewed itself powerless where the underlying issue was the denial of access to our courts. Thus, in *Bussineau v. President and Directors of Georgetown College,* 518 A.2d 423 (D.C.1986), by defining when a cause of action arose, the court effectively adopted an exception to the statutory limitations bar. *See Ehrenhaft v. Price,* 483 A.2d 1192, 1201, 1202 (D.C.1984) (extending application of the discovery rule to tort and contract claims in order to avoid time bar to suit); *see also Hornblower v. George Washington University,* 31 App.D.C. 64 (1908) (lulling doctrine). While "[s]tatutes of limitation are not simply technicalities," *Bond v. Serano, supra,* 566 A.2d at 50 (Farrell, J., concurring), they exist for a purpose, which is to " 'protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.' " *Ehrenhaft v. Price, supra,* 483 A.2d at 1202 (quoting *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979)). This court has recognized, too, that "limitations periods 'find their justification in necessity and convenience rather than logic.... Their shelter has never

---

**3.** The law at the time was apparently in conflict among the federal circuits. By "MEMO" filed in the trial court, appellant stated that at the time he filed his complaint in the federal court, the controlling law was found in *Gordon–Maizel Constr. Co., Inc. v. LeRoy Prods., Inc.,* 643 F.Supp. 188, 189 (D.D.C.1986) (following the Second Circuit Court of Appeals in holding that a limited partner is not a proper party to a proceeding and hence not to be considered in determination of diversity. *See Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178, 183–84 (2d Cir.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966)). *But see Conroy v. Winn,* 581 F.Supp. 1280 (D.D.C.1984) (where no complete

diversity of citizenship among limited partners, federal court does not have diversity jurisdiction) (relying on *Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n,* 554 F.2d 1254, 1258–59 (3d Cir.1977). *See also* note 4, *infra.*

**4.** In a "MEMO" filed with his complaint, appellant states that it was the federal district court judge who first raised concern about jurisdiction, referring to *Carden, supra,* 494 U.S. 185, 110 S.Ct. 1015. Depositions followed in order to determine the citizenship of all general and limited partners of appellees.

been regarded as what now is called a 'fundamental' right or what used to be called a 'natural' right of the individuals.' " *Id.* (quoting *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945)). Accordingly, upon balancing the interests at issue, *see Burns v. Bell,* 409 A.2d 614, 616 (D.C. 1979) (magnitude of injury and plaintiff's interest in relief against potential prejudice to defendant to be free from stale claims), the court has acknowledged, notwithstanding legislative silence, that the statutory limitations bar must give way in some circumstances where the purposes of the limitations bar are not advanced. Whether we construe the exceptions to the limitations bar narrowly or generously is, of course, an entirely different question.

The fundamental question of whether access to our courts should be denied to a plaintiff who makes a good faith choice of a forum in originally filing suit in federal court, and who will be without access to any judicial relief despite the absence of any showing of prejudice to the defendant, is worthy of consideration by this court sitting en banc. *See* D.C.App.R. 40(e). The en banc court should consider what purpose is served by an unyielding limitations rule that "would at times inflict obvious and unnecessary harm upon individual plaintiffs without advancing the legislative purposes" of statutes of limitation. *Galligan v. Westfield Centre Service, Inc., supra,* 82 N.J. at 192, 412 A.2d at 124. While there are arguments to be made against adoption of an equitable tolling doctrine, *see e.g., Bond v. Serano, supra,* 566 A.2d at 49 (Farrell, J., concurring), mere avoidance of judicial analysis of the equities, *see id.* at 53, does not, on balance, seem a weighty obstacle. *Cf. id.* at 54 (citing *Galligan v. Westfield Centre Service, Inc., supra,* 82 N.J. at 193, 412 A.2d at 124 (equitable tolling for plaintiff error is "[a] 'just accommodation' of individual justice and public policy requires that 'in each case the equitable claims of opposing parties must be identified, evaluated and weighed'" (citation omitted))). Any suggestion that the legislature has made an affirmative determination not to allow a

further exception to the limitations bar out of concern that the right to litigate is only a privilege, *see id.* at 54, appears without foundation, even if the en banc court should determine, for other reasons, not to adopt the equitable tolling doctrine.