**Frederick R. CALLOWHILL, Appellant,**

v.

**The ALLEN–SHERMAN–HOFF COMPANY, INC. and Ecolaire, Inc.**

**Walter J. SMALL, Appellant,**

v.

**The ALLEN–SHERMAN–HOFF COMPANY, INC. and Ecolaire, Incorporated.**

**William F. MARTIN, Appellant,**

v.

**The ALLEN–SHERMAN–HOFF COMPANY, INC. and Ecolaire, Incorporated.**

**Nos. 87–1034, 87–1169 and 87–1170.**

United States Court of Appeals, Third Circuit.

Argued Oct. 1, 1987.

Decided Nov. 4, 1987.

---

Ralph B. D'Orio, Gary C. Bender (argued), Cramp, D'Iorio, McConchie & Forbes, Media, Pa., for appellants.

Judith E. Harris (argued), Harris & Kahn, Philadelphia, Pa., for Allen–Sherman–Hoff Co., Inc. and Ecolaire, Inc.

Before SEITZ, GREENBERG and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Plaintiffs Frederick R. Callowhill, Walter J. Small, and William F. Martin appeal from summary judgments entered in the district court in favor of defendants Allen–Sherman–Hoff Company, Inc. and Ecolaire, Inc., dismissing their separate complaints under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. The grounds for granting the motions were that the cases are barred by the statute of limitations under the ADEA which requires that cases be filed within two years of the accrual of a cause of action, or three years if the violations are willful. 29 U.S.C. § 626(e)(1); 29 U.S.C. § 255(a). Plaintiffs alleged that they were discharged by their employer, Allen–Sherman–Hoff, because of age. Ecolaire was joined as a defendant because Allen–Sherman–Hoff is one of its divisions. It is undisputed that each plaintiff was advised on or about November 18, 1983 that his last day of work would be December 9, 1983 and that none worked for Allen–Sherman–Hoff after the latter date.

We separately set forth additional material facts developed in each case on the motions for summary judgment. Callowhill, who was born November 7, 1921, was employed by Allen–Sherman–Hoff on June 8, 1979 as a manager of the International Operations Group responsible for all sales activities except in the United States and Canada. He was told that he was being discharged because of a departmental reorganization. While Callowhill had "suspicions" that his discharge was because of age, it was not until almost two years later, when he talked to other former employees of Allen–Sherman–Hoff, that he concluded the corporation had discriminated against older employees. Accordingly, he consulted an attorney on or about October 4, 1985 and on October 8, 1985 filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in Philadelphia. Notice of the charge was served on Allen–Sherman–Hoff on October 30, 1985 and on December 9, 1985 Callowhill brought this action in the district court.

Small, who was born on February 9, 1922, joined Allen–Sherman–Hoff in January 1948 and in early January 1974 became manager of its renewal parts department. The company advised him that his discharge was necessary because of economic reasons. While Small subsequently wondered whether the introduction of a new pension plan made it advantageous for Allen–Sherman–Hoff to discharge him because of his age, he did not consult an attorney until after he was told in September 1985 that older employees had been terminated by Allen–Sherman–Hoff even though there was work for them. He consulted an attorney on or about October 4, 1984 and on October 11, 1985 filed a Charge of Discrimination with the EEOC. Notice of the charge was served on Allen–Sherman–Hoff on October 31, 1985 and on December 9, 1985 Small brought this action in the district court.

Martin, who was born on June 14, 1920, was hired by a predecessor corporation to Allen–Sherman–Hoff in 1941 as a payroll clerk. He began working for Allen–Sherman–Hoff in 1976 as a sales correspondent and in 1981 was given the added responsibility of being a pricing specialist. Martin was told he was being discharged because

of a departmental reorganization and economic conditions. It was not until he had a discussion with Small in September 1985 that he considered his age might have been a factor in the decision to terminate him. On or about October 4, 1985 he consulted with counsel and he filed a Charge of Discrimination with the EEOC on October 15, 1985. Notice of the charge was served on Allen–Sherman–Hoff on October 30, 1985 and on December 9, 1985 Martin brought this action in the district court.

It is undisputed from the records before us that Allen–Sherman–Hoff never posted the notice required by 29 U.S.C. § 627 to advise its employees of their rights under the ADEA. It appears, however, though plaintiffs claim not to have seen them, that it posted notices from the Pennsylvania Human Relations Commission dealing with employees' rights under Pennsylvania anti-discrimination laws and that at about the time plaintiffs commenced their actions in the district court, they also filed complaints with the Pennsylvania Commission.

Prior to moving for summary judgment, defendants filed, in all three cases, motions to dismiss the complaints for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendants asserted that the actions were barred by plaintiff's failure to file timely administrative charges with the EEOC under 29 U.S.C. § 626(d) which requires, as a prerequisite to a district court action, that administrative charges be filed within 180 days after the occurrence of an alleged unlawful practice. In a state such as Pennsylvania which has an agency performing functions similar to those of the EEOC, the time for filing is extended to 300 days or to a period within 30 days of receipt by the individual of notice of termination of proceedings under state law, whichever is earlier. 29 U.S.C. § 626(d). In view of the circumstance that affidavits submitted by the parties on these initial motions were considered by the district court the Rule 12(b)(6) motions were treated as motions for summary judgment.

Nevertheless we will continue to refer to them as motions to dismiss so as to distinguish them from the later motions.

The motions to dismiss were argued simultaneously before the district court which denied them on the authority of our opinion in *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). The *Bonham* case held that the employer's failure to post the notice required by 29 U.S.C. § 627 will result in tolling the running of the limitations period in the EEOC proceedings, at least until such time as the aggrieved person seeks out an attorney or acquires actual notice of his rights under the ADEA. 569 F.2d at 193.

Subsequent to the completion of discovery, defendants moved for summary judgment. In *Callowhill* they alleged that the action was barred by the two-year statute of limitations in 29 U.S.C. § 626(e)(1) and 29 U.S.C. § 255(a) and that the evidence in the record, as a matter of law, could not support a charge of age discrimination. In *Small* and *Martin* the motions for summary judgment were based solely on the statute of limitations.[1] In *Callowhill* the district judge, in an oral opinion, ruled that the evidence was insufficient to support a finding of willfulness and thus the two-year statute of limitations applied. The judge then held that the claim was untimely and, accordingly, he granted summary judgment and dismissed the action. He indicated, however, that he was not "prepared to rule on this record that there is no issue of age discrimination, or to grant summary judgment on that basis." On December 15, 1986, the judge entered an order reflecting this decision.

In the *Small* and *Martin* cases a different judge filed a single written opinion on defendants' motions.[2] He held that plaintiffs had failed to raise a genuine issue of material fact with respect to Allen–Sherman–Hoff's alleged willful statutory violation of the ADEA and, as a result, the two-year statute of limitations applied.

---

1. Defendants also unsuccessfully renewed their motions to dismiss.

2. The judge in the *Small* and *Martin* cases was the same judge who denied defendants' three motions to dismiss.

The judge then held that notwithstanding Allen–Sherman–Hoff's failure to post the required notice of employees' rights under 29 U.S.C. § 627, the two-year statute of limitations for the court action, as distinguished from the shorter administrative statute of limitations, would not be tolled nor would it be tolled because of Allen–Sherman–Hoff's alleged misrepresentation as to why plaintiffs were discharged. On February 25, 1987, the judge entered an order reflecting this decision. Small and Martin appealed from this order and Callowhill appealed from the order of December 15, 1986.

Plaintiffs contend that the two-year statute of limitations should be tolled by reason of the failure of Allen–Sherman–Hoff to post the notice required by 29 U.S.C. § 627. They further assert that they are entitled to the tolling inasmuch as they were barred by 29 U.S.C. § 626(d) from filing their district court complaints until 60 days after they filed their administrative charges with the EEOC and thus could not bring their district court actions within the two years allowed. Alternatively, plaintiffs argue that the district court erred in finding as a matter of law that Allen–Sherman–Hoff's conduct could not be a willful violation of the ADEA. Defendants, in addition to controverting plaintiffs' contentions, assert that we should affirm the summary judgments as the trial court erred in denying their motions to dismiss predicated on plaintiffs' failure to file timely their administrative charges with the EEOC.

We deal first with defendants' contention that their motions to dismiss should have been granted. It is clear that the timeliness of plaintiffs' administrative charges and their district court complaints must be measured from the time plaintiffs were advised they were to be terminated. *Dela-*

*ware State College v. Ricks*, 449 U.S. 250, 259, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). Plaintiffs were notified that they were to be terminated in November 1983 and thus the administrative charges were prima facie untimely under 29 U.S.C. § 626(d) as they were filed in October 1985. Therefore, inasmuch as an individual must bring these charges as a prerequisite to a district court action, ordinarily these cases would be barred. Here, however, the judge denied defendants' motions to dismiss because of Allen–Sherman–Hoff's failure to post the notice required by 29 U.S.C. § 627.

These rulings were correct. The time constraints of 29 U.S.C. § 626(d) are a statute of limitations rather than a jurisdictional prerequisite to filing the charges and thus an individual's failure to file the administrative charges within the period specified in 29 U.S.C. § 626(d) will not necessarily bar a subsequent district court action. *Meyer v. Riegel Prod. Corp.*, 720 F.2d 303, 306–07 (3d Cir.1983), *cert. dismissed*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). Further, as noted by the district judge, an employer's neglect to post the notice required by 29 U.S.C. § 627 will toll the running of the period for filing the administrative charges, at least until the "aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the Age Discrimination in Employment Act." *Bonham v. Dresser Indus., Inc.*, 569 F.2d at 193. Here each plaintiff in response to defendants' motion to dismiss filed an affidavit stating that he was unaware of his legal rights under federal and state employment discrimination statutes including the ADEA while employed by Allen–Sherman–Hoff and that he first became aware of these rights on or about October 4, 1985 upon consultation with an attorney.[3]

---

3. In *DeBrunner v. Midway Equip. Co.*, 803 F.2d 950 (8th Cir.1986), the court indicated that there would be no tolling if the employee had general knowledge of his right not to be discriminated against on account of age or the means of acquiring such knowledge. *Id.* at 952. From the employee's viewpoint this is a less generous basis for tolling than that articulated in *Bon-*

*ham.* Of course, we use the *Bonham* test as it represents the law as determined by this Court. We understand plaintiffs' affidavits to mean that they were unaware of the anti-discrimination laws and procedures and not simply that they were unaware of their own possible bases for charges under the ADEA. Obviously, an employee with full knowledge of anti-discrimina-

■ We are satisfied that defendants' motions for summary judgments predicated on the two-year statute of limitations in 29 U.S.C. § 255, incorporated by 29 U.S.C. § 626(e)(1), should have been denied. It is, of course, clear that the running of the statute of limitations may be tolled by "equitable considerations." *See Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1529 (11th Cir.), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983). Even if we assume that the district judges had discretion in determining whether to find the statute was tolled, we are satisfied for the following reasons that it was an abuse of discretion to enter summary judgment for defendants.[4]

When defendants' motions for summary judgment were considered, the district court had denied their original motions to dismiss and thus was treating the administrative proceedings as timely. But plaintiffs, though represented by counsel and aware of their rights under the ADEA within the two-year period set forth in 29 U.S.C. § 626(e)(1), were precluded from filing their district court actions until after they filed their charges of discrimination in October 1985 by 29 U.S.C. § 626(d), which

provides that no civil action under the ADEA may be commenced "until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." Thus, unless we hold that the statute of limitations was tolled, plaintiffs' putative actions, though not yet filed or barred were doomed when they filed their administrative charges.[5] Yet Allen–Sherman–Hoff must, as a matter of law, at least at this stage of the proceedings involving review of orders on pretrial motions, be held to have contributed to this situation by its failure to post the notices required by 29 U.S.C. § 627, thereby delaying the filing of plaintiffs' administrative charges. Accordingly, plaintiffs should be permitted to prosecute their actions provided this can be equitably done taking into consideration defendants' rights to repose under the statute of limitations.

The statute of limitations is important to a defendant to protect it from the unfair surprise of a stale claim. *See Kreiger v. United States*, 539 F.2d 317, 322 (3d Cir. 1976). Under the unique facts here, it would do no violence to this policy to toll the statute as Allen–Sherman–Hoff, by reason of the service of the Notices of

tion laws and procedures including all information which would be given by a notice posted pursuant to 29 U.S.C. § 627 would not be entitled to a tolling of any limitation period merely because the notice was not posted, as the employer's failure to post the notice would not have prejudiced the employee.

4. While the parties have stated that our standard of review is the same as the district court utilized initially, that is whether viewing the evidence and inferences most favorably to plaintiffs defendants are entitled to judgment as a matter of law (*see Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985)), this conventional formulation may be inadequate here as this case involves an equitable determination after the operative facts are established. Thus we have also considered this case under the abuse of discretion standard. *See E.E.O.C. v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69, 81 (3d Cir.), *cert. dismissed*, 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984).

5. Defendants contend that under 29 U.S.C. § 633(b) the actions should not have been brought until the expiration of 60 days after the commencement of the Pennsylvania administra-

tive proceedings and thus should be deemed to have been filed at the expiration of the 60-day period, rather than on December 9, 1985. We reject this contention because regardless of the propriety of their doing so, plaintiffs in fact brought their actions on December 9, 1985 and there is no indication in the record that defendants moved to dismiss the district court actions as premature even though they made reference to the requirements of 29 U.S.C. § 633(b) in their district court briefs filed on the motions to dismiss. Perhaps there was no such motion because defendants expected that if they so moved the cases would be held "in abeyance" until the 60 days ran. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 764–65, 99 S.Ct. 2066, 2075–76, 60 L.Ed.2d 609 (1979). In any event in the absence of such a motion we see no reason to consider the possibility of plaintiffs obtaining relief under Pennsylvania law. *See Slenkamp v. Borough of Brentwood*, 603 F.Supp. 1298, 1302–03 (W.D.Pa.1985), *aff'd*, 826 F.2d 1057 (3d Cir. 1987). We further point out that Martin apparently brought his action before the expiration of the 60-day preclusion period in 29 U.S.C. § 626(d)(1). Defendants, however, do not rely on this to uphold the result in the trial court and thus we do not consider the consequence of this seemingly premature filing.

Charges of Discrimination in October 1985, knew of plaintiffs' claims before the two-year statute ran. Thus, we are satisfied that a weighing of the equitable considerations in these cases requires that the statute of limitations be tolled and plaintiffs' complaints be considered timely. Accordingly, the judges erred in granting defendants' motion for summary judgment.

We think it important to point out the limitations of our opinion. Our result is based on the coincidence of the circumstances that: (1) the district court did not err in denying defendants' original motions to dismiss; (2) the charges were filed promptly with the EEOC after plaintiffs retained counsel; (3) the charges were filed at a time when the 60–day deferral provisions of 29 U.S.C. § 626(d) made it too late for plaintiffs properly to file their district court complaints within two years after the occurrence of the alleged unlawful action; and (4) the defendants were aware of the charges within two years of the accrual of the plaintiffs' causes of action. Thus, we do not suggest that if plaintiffs had been aware of their potential claims beyond the period for filing timely EEOC charges, but early enough so that 60 days after filing the charges they could have brought these actions within the two-year limitations period, we would have reached the same result. To the contrary, it is difficult to perceive what equitable considerations in those circumstances could justify a tolling as defendants' failure to post the notices could not then be held to have required that the district court action be brought in an untimely fashion.

We further note that we do not suggest that our result would have been the same if Allen–Sherman–Hoff had not been aware of plaintiffs' claims within two years after plaintiffs were notified they were to be discharged. While in that circumstance the equities in favor of a plaintiff might be no less than those here, a court, aware of its obligation ordinarily to apply a statute of limitations (*see School Dist. of Allentown v. Marshall*, 657 F.2d 16 (3d Cir.1981)),

might hold the action barred as the employer would have more of a basis to claim a right of repose than defendants here. Thus, we conceive that an individual might become aware of his rights under the ADEA too soon or too late to benefit by our result. Indeed, in our view this case falls within a narrow corridor through which plaintiffs may safely pass.

We also point out what we do not decide with respect to these particular cases. The matters are before us on plaintiffs' appeals from the granting of defendants' motions for summary judgment and, in addition, from the district court's denial of defendants' motions to dismiss which, as we have indicated, were treated as motions for summary judgment.[6] We are only holding that the original motions were properly denied and that the second motions should have been denied. Finally, in view of our result, we do not reach plaintiffs' contentions that the three-year statute of limitations is applicable in these cases.

The orders for summary judgment will be reversed and the matters will be remanded to the trial court for further proceedings consistent with this opinion.[7]

---

**6.** Defendants appropriately raised this issue without a cross-appeal. *See Lucas v. Gulf & W. Ind. Inc.,* 666 F.2d 800, 805 (3d Cir.1981).

**7.** It should not be inferred that we have implied any opinion as to the merits of this case.