Jamal SAYYAD, Appellant,

v.

Asad FAWZI, Appellee.

No. 95–CV–745.

District of Columbia Court of Appeals.

Submitted March 19, 1996.

Decided April 18, 1996.

Richard D. Paugh, Rockville, MD, filed a brief, for appellant.

Kenneth M. Lyons, Washington, DC, filed a brief, for appellee.

Before TERRY and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This case presents the question whether the filing of a complaint, which is subsequently dismissed involuntarily without prejudice, tolls the statute of limitations and prevents the assertion of such a defense to a subsequent lawsuit arising from the same event. We hold that it does not, and affirm the dismissal of the appellant's complaint.

Jamal Sayyad, the appellant, filed suit against the appellee and another individual, all of whom were involved in an automobile accident occurring on July 25, 1990. On September 28, 1992, the appellant filed a complaint but failed properly to serve the defendants in the case, resulting in the suit's dismissal on December 3, 1992. Between January, 1993, and June, 1993, the appellant attempted several times to reinstate the complaint, but was stymied by his failure to comply with procedural requirements contained in the Superior Court Rules of Civil Procedure. The applicable three-year statute of limitations ran on July 25, 1993. *See* D.C.Code § 12–301(8) (1989). The appellant filed a new complaint against the defendants on May 20, 1994. After several more procedural issues were raised and resolved, the motions court dismissed the second complaint on April 28, 1995, with prejudice, for the appellant's failure to file within the prescribed three-year statute of limitations.

Although conceding that the statute of limitations had run when he filed his second complaint, the appellant argues that this court should apply what would in essence be the doctrine of equitable tolling, so that the relevant date, for purposes of the statute of limitations, would be the date of filing his

first complaint. *Cf. Varela v. Hi–Lo Powered Stirrups, Inc.,* 424 A.2d 61 (D.C.1980) (holding that the filing of a complaint tolls a statute of limitations). Under the doctrine of equitable tolling, statutes of limitations apply only where the purposes underlying them are met—specifically, avoiding stale claims and ensuring the other party's ability adequately to prepare and defend the case. *Curtis v. Aluminum Ass'n,* 607 A.2d 509, 512–13 (D.C. 1992) (Rogers, C.J., and Schwelb, J., concurring) (citing *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1202 (D.C.1984)).

 This court has previously rejected the equitable tolling doctrine as applied to good-faith mistakes of forum, where a party files suit in the proper forum only after a statute of limitations has run, but where the defendant was on notice of the claim as of the initial filing in an improper forum that occurred within the limitations period. *See, e.g., Bond v. Serano,* 566 A.2d 47 (D.C.1989); *Namerdy v. Generalcar,* 217 A.2d 109, 113 (D.C.1966). Having so ruled, panels of this court have considered it bound by this strict adherence to statutes of limitations. *Curtis, supra,* 607 A.2d 509 (applying *Namerdy, supra,* 217 A.2d 109 and *Bond, supra,* 566 A.2d 47); *see M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). This has been so even where members of the court have observed that in individual cases, the rationale for the limitations doctrine will not be served, and a dismissal would frustrate the well-established preference for adjudicating cases on their merits. *See, e.g., Curtis, supra,* 607 A.2d at 510–13 (Rogers, C.J. and Schwelb, J., concurring in affirming the dismissal of the action but urging *en banc* consideration of the question whether good-faith but mistaken choice of forum should bar subsequent action); *but see also Whitener v. Washington Metro. Area Transit Auth.,* 505 A.2d 457, 458–60 (D.C.1986) (affirming dismissal as barred by statute of limitations even where the defense was not timely pled).

Rejection of the application of equitable tolling on a case-by-case basis, where a trial judge would weigh the diligence of the defaulting party against any prejudice to the opponent of the suit, rests on the belief that where the legislature has provided no savings statute, courts would exceed their prescribed role by providing a remedy where the legislature has determined that none should lie. *See Bond, supra,* 566 A.2d at 52, 53–55 (Farrell, J., concurring); *Dupree v. Jefferson,* 215 U.S.App.D.C. 43, 48, 666 F.2d 606, 611 (1981) (quoting *Bomer v. Ribicoff,* 304 F.2d 427, 428 (6th Cir.1962)); *cf. York & York Constr. Co. v. Alexander,* 296 A.2d 710, 714 (D.C.1972) (seeking to avoid doing "violence to the legislative intent") (quoting *Federal Loose Leaf Corp. v. Woodhouse Stationery Co.,* 163 F.Supp. 482, 483 (D.D.C.1958)).

The United States Court of Appeals for the District of Columbia Circuit has determined that District of Columbia law does not contemplate the invocation of equitable tolling in response to the assertion of the limitations defense following a dismissal without prejudice. *Dupree v. Jefferson,* 215 U.S.App. D.C. at 47–48, 666 F.2d at 610–11. The court determined that the case law of this jurisdiction mandated the application of statutes of limitations regardless of whether the dismissal that gave rise to the nonsuit was one that was voluntary or, as here, involuntary. *Id.* at 611; *York, supra,* 296 A.2d at 712 (recognizing the general rule that "the statute of limitations is not tolled by the pendency of an action which is voluntarily dismissed without prejudice"). We find the court's analysis persuasive and are presented with no basis to reject its reasoning. *See M.A.P., supra,* 285 A.2d at 312.

We hereby affirm the judgment of the trial court.

*So ordered.*