Opinion for the Court filed by Chief Judge EDWARDS.
 

 Certification of Question of Law by the United States Court of Appeals for the District of Columbia Circuit to the District of Columbia Court of Appeals, pursuant to D.C.Code Ann. § 11-723 (1995).
 

 HARRY T. EDWARDS, Chief Judge:
 

 On February 21,1997, we heard oral argument in
 
 East v. Graphic Arts Industry Joint Pension Trust,
 
 No. 96-7061. We have determined that a question of District of Columbia law will control the disposition of the pending appeal; however, there is no controlling precedent to be found in the decisions of the District of Columbia Court of Appeals. Accordingly, because “[a] .federal court ... should normally decline to speculate on ... a question of local doctrine,”
 
 Delahanty v. Hinckley,
 
 845 F.2d 1069, 1070 (D.C.Cir.1988), we certify the following question of law to the District of Columbia Court of Appeals pursuant to D.C.Code § 11-723:
 

 Under District of Columbia law, and upon the facts described below, does an employer’s failure to comply with the notice-posting requirements of the District of Columbia Human Rights Act (“DCHRA” or “Act”), D.C.Code Ann. § 1-2522 (1992), provide a justification for the equitable tolling of the Act’s one-year statute of limitations for the filing of a private cause of action?
 

 
 *-672
 
 This question arose in an employment discrimination action over which this court has jurisdiction because of the parties’ diversity of citizenship. The facts relevant to the certified question are as follows.
 

 Appellant, Leslie East, a citizen of the state of Maryland, was a secretary for appel-lee, Graphic Arts Industry Joint Pension Trust (“JPT”), in Washington, D.C. She was hired and began her employment in November 1992. Shortly after beginning work, appellant learned that she was pregnant. She fulfilled her employment duties until she was terminated by JPT on March 19, 1993. Her last day of employment was April 23, 1993.
 
 See
 
 Affidavit of Arthur S. Dinkin,
 
 reprinted in
 
 Joint Appendix (“J.A.”) 74.
 

 The DCHRA protects employees from discrimination by employers, specifically prohibiting discharge on the basis of sex or family responsibilities.
 
 See
 
 D.C.Code Ann. § 1-2512 (1992). Prohibited discrimination on the basis of sex includes discrimination on the basis of pregnancy.
 
 See
 
 D.C.Code Ann. § 1-2505 (1992). A person claiming to be aggrieved by an unlawful discriminatory practice may file an administrative complaint with the District of Columbia Office of Human Rights,
 
 see
 
 D.C.Code Ann. § 1-2544 (1992), or a private cause of action in any court of competent jurisdiction, provided that no complaint is then pending with the Office of Human Rights,
 
 see
 
 D.C.Code Ann. § 1-2556 (1992). In either event, complaints must be filed within one year of the occurrence of the unlawful discriminatory practice, or the discovery thereof.
 
 See
 
 D.C.Code Ann. § 1-2544 (1992);
 
 Anderson v. U.S. Safe Deposit Co.,
 
 552 A.2d 859, 860 n. 2 (citing
 
 Davis v. Potomac Elec. Power Co.,
 
 449 A.2d 278, 281 (D.C.App.1982) (One-year limitation period applies to actions at law under the DCHRA.)).
 

 The DCHRA requires all employers to
 

 post and keep posted in a conspicuous location where business or activity is customarily conducted or negotiated, a notice whose language and form has been prepared by the Office, setting forth excerpts from or summaries of, the pertinent provisions of this chapter and information pertinent to the filing of a complaint.
 

 D.C.Code Ann. § 1-2522 (1992). The notice currently mandated by the Department of Human Rights and Minority Business Development (“Department of Human Rights”) does not refer to the time period in which a claim or suit must be filed.
 
 See
 
 J.A. 104. There is no dispute that JPT failed to post the requisite notice in appellant East’s workplace.
 
 See
 
 Supplemental Affidavit
 
 of
 
 Leslie East,
 
 reprinted in
 
 J.A 114;
 
 see also
 
 Supplemental Affidavit of Cora J. Bam’,
 
 reprinted in
 
 J.A. 98-99.
 

 The record indicates that East became aware of her right to be free from discrimination under the DCHRA as a result of discussions with a friend at a social function on March 6, 1994, almost a year after the termination of her employment. Supplemental Affidavit of Leslie East,
 
 reprinted in
 
 J.A. 115. The next day, March 7, 1994, she contacted the Department of Human Rights.
 
 See
 
 Supplemental Affidavit of Leslie East,
 
 reprinted in
 
 J.A. 115. She was advised of the procedure for filing an administrative complaint and did so immediately upon receiving the appropriate forms, which she personally delivered to the Department on March 15, 1994.
 
 See
 
 Supplemental Affidavit of Leslie East,
 
 reprinted in
 
 J.A. 116. In the ensuing months, the Department of Human Rights failed to take any action on East’s claim; so, on March 3, 1995 — more than one year after the alleged discriminatory firing but less than one year after she reportedly became aware of her rights under the DCHRA — East filed a civil complaint including causes of action under the DCHRA in the District Court for the District of Columbia. Sometime on or before May 1, 1995, East withdrew the administrative complaint that was still pending with the Department of Human Rights.
 
 See
 
 Letter from Winona Lake, Acting Associate Director of the Gov’t of the District of Columbia, Dep’t of Human Rights and Minority Bus. Dev., to Art Dinkin, Adm’r, JPT (May 1, 1995),
 
 reprinted in
 
 Supplemental Appendix 1.
 

 We now face the question whether East’s DCHRA claims can be considered timely filed under the Act’s one-year statute of limi
 
 *-671
 
 tations for the filing of a civil case. The Court of Appeals for the District of Columbia has not addressed whether or under what circumstances the failure to post the requisite notice mandated by the DCHRA may provide a justification for tolling an applicable statute of limitations.
 

 Appended to this certification are the portions of the trial court record to which we refer. In addition, we shall provide the Court of Appeals with the parties’ briefs or any other portions of the trial court record that the Court of Appeals may require in order to answer the certified question.