**Leslie EAST, Appellant,**

v.

**GRAPHIC ARTS INDUSTRY JOINT PENSION TRUST, Appellee.**

No. 97–SP–613.

District of Columbia Court of Appeals.

Argued Oct. 7, 1997

Decided Oct. 1, 1998

Charles F. Fuller, Bowie, MD, for appellant.

Susan L. Catler, Washington, DC, for appellee.

Before WAGNER, Chief Judge, KING, Associate Judge, Retired,* and MACK, Senior Judge.

KING, Associate Judge.

Leslie East ("East") brought an action in the United States District Court for the District of Columbia against her former employer, Graphic Arts Industry Joint Pension Trust ("JPT"), under the District of Columbia Human Rights Act ("DCHRA" or "Act"), D.C.Code §§ 1–2501 to –2557 (1992 Repl. & 1998 Supp.), alleging that she was wrongfully dismissed from her job on account of her gender, pregnancy and family responsibility.[1] At issue here may be whether DCHRA's one-year statute of limitations is equitably tolled by an employer's failure to post notice

---

* Judge King was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on September 1, 1998.

1. East also alleged violations of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e–2000e–5 (1988); the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (1988); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12117 (Supp. II 1990); the Civil Rights Act of 1991, 42 U.S.C. § 1981a (Supp. IV 1992); and DCHRA. In addition,

counts alleging wrongful discharge and breach of implied covenant of good faith and fair dealing were included in the complaint. The district court granted JPT's motion to dismiss the four federal claims after finding that JPT did not meet the statutory definition of employer. The district court also dismissed the common law claims for failure to state a claim for which relief can be granted and the DCHRA claims as time-barred. East appealed to the Court of Appeals for the District of Columbia Circuit.

of an employee's rights pursuant to DCHRA as required under the Act.[2]

■ The United States Court of Appeals for the District of Columbia Circuit, concluding that a question of District of Columbia law was determinative of the issue and that no controlling precedent existed in the decisions of this court, certified to this court under D.C.Code § 11–723(a)[3] the following question:

> Under District of Columbia law, and upon the facts described below, does an employer's failure to comply with the notice-posting requirements of the District of Columbia Human Rights Act ("DCHRA" or "Act"), D.C.Code Ann. § 1–2522 (1992), provide a justification for the equitable tolling of the Act's one-year statute of limitations for the filing of a private cause of action?

*East v. Graphic Arts Indus. Joint Pension Trust*, 323 U.S.App.D.C. 278, 107 F.3d 911 (1997). We conclude that, even assuming the applicability of equitable tolling principles where the employer fails to post notice in compliance with the Act, equitable tolling would not be available where, as here, plaintiff failed to file the court action within a reasonable time after she obtained—or by due diligence could have obtained—the information necessary to file her complaint.

**2.** *D.C.Code § 1–2522 requires employers to post notice of the Act in the workplace.* It states:
> Every person subject to this chapter shall post and keep posted in a conspicuous location where business or activity is customarily conducted or negotiated, a notice whose language and form has been prepared by the Office, setting forth excerpts from or summaries of, the pertinent provisions of this chapter and information pertinent to the filing of a complaint.

**3.** D.C.Code § 11–723(a) (1995 Repl.) provides:
> The District of Columbia Court of Appeals may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or the highest appellate court of any State, if there are involved in any proceeding before any such certifying court questions of law of the District of Columbia which may be determinative of the cause pending in such certifying court and as to which it appears to the certifying court there is no controlling precedent in the deci-

## I.

East began her employment with JPT in November 1992.[4] Her responsibilities included secretarial and administrative work. Soon after her employment began, East learned that she was pregnant. She maintains that her pregnancy did not affect her ability to perform her job, and that her superiors commended her numerous times on the quality and promptness of her work. In March 1993, East's immediate supervisor Arthur Dinkin became aware that East was pregnant. On March 19, 1993, Dinkin told East that she was being terminated because "it wasn't working out." East received no further explanation for the termination, despite her repeated requests for an explanation.

East claims that she first learned of DCHRA at a social event on March 6, 1994, nearly a year after she was terminated. The next day, East telephoned the District of Columbia Department of Human Rights ("DHR") and learned of the procedure for filing an administrative complaint. She received the forms in the mail and completed and returned them in person on March 15, 1994, just days before the expiration of the one-year limitations period for filing an administrative complaint under DCHRA.[5] East claimed that she was unaware at that time of her right to file a discrimination suit in court under DCHRA.[6]

sions of the District of Columbia Court of Appeals.

**4.** Unless otherwise noted, these facts are taken from the Affidavit of Leslie East, the Supplemental Affidavit of Leslie East, and the Discrimination Complaint, all of which are contained in the Joint Appendix submitted to the Court of Appeals for the District of Columbia Circuit and to this court.

**5.** On March 15, DHR personnel informed East that it lacked the staff to process a formal complaint on that day but advised her that her questionnaire would satisfy the one-year time limit for an administrative complaint. East returned to DHR on March 24, and her formal complaint was executed.

**6.** DCHRA provides either an administrative remedy or a right to sue in court. D.C.Code §§ 1–2544, –2556. *See also Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 860 (D.C.1989). In order to preserve the right to bring an action in

In June 1994, East consulted with an attorney who informed her of her right to file a discrimination suit in a District of Columbia court. On March 3, 1995, nine months after learning from the attorney of her right to file suit and nearly two years after the alleged discriminatory event occurred, East brought this action in the United States District Court for the District of Columbia.[7]

According to East and two former JPT employees, there were no notices posted at JPT informing employees of their rights under DCHRA or any of the federal civil rights statutes.[8]

## II.

DCHRA contains no express provisions for tolling the Act's one-year statute of limitations. *See* D.C.Code § 1–2544. Further, the District of Columbia is one of a minority of jurisdictions that has not adopted a general equitable "saving" statute to toll statutes of limitations in cases of reasonable mistake. *See Bond v. Serano*, 566 A.2d 47, 48, 52 (Farrell, J., concurring) (D.C.1989). Thus, we have refused to toll the statute of limitations in the case of plaintiff's good faith mistake of forum. *Sayyad v. Fawzi*, 674 A.2d 905 (D.C.1996) (filing of a timely complaint, which is later dismissed without prejudice because plaintiff failed to properly serve defendants, does not toll statute of limitations); *Bond, supra*, 566 A.2d 47 (filing of a diversity action against the District of Columbia in federal court does not toll statute of limitations even where subsequent unrelated case held that federal courts lacked pendent party jurisdiction over the District of Columbia resulting in dismissal of the diversity action). We have also said that

> [r]ejection of the application of equitable tolling on a case-by-case basis, where a trial judge would weigh the diligence of the defaulting party against any prejudice to the opponent of the suit, rests on the belief that where the legislature has provided no savings statute, courts would exceed their prescribed role by providing a remedy where the legislature has determined that none should lie.

*Sayyad, supra*, 674 A.2d at 906 (citing *Bond, supra*, 566 A.2d at 52, 53–55) (Farrell, J., concurring) (other citations omitted)). *See also Kavanagh v. Noble*, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150 (1947) ("[Limitations] periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Remedies for resulting inequities are to be provided by [the legislature], not the courts.") (citation omitted).

We do recognize, however, at least two limited exceptions to our generally strict application of statutes of limitations: the lulling doctrine and the discovery rule.[9] *Bond, supra*, 566 A.2d at 50 (Farrell, J., concurring). Under the lulling doctrine, "a defendant cannot assert 'the bar of the statute of limitations, if it appears [the defendant] has

court, the complaint to DHR must be withdrawn prior to disposition. *Id.* Under DCHRA, there is a one-year statute of limitations for the filing of an administrative complaint which runs from the date of the discriminatory act's occurrence or the discovery thereof. D.C.Code § 1–2544. The one-year statute of limitations also applies to actions at law. *Davis v. Potomac Elec. Power Co.*, 449 A.2d 278, 280 (D.C.1982).

7. DHR apparently did not investigate or issue a probable cause determination with respect to East's administrative complaint. The case was administratively closed with no finding made on the merits of the allegations on May 1, 1995, after this civil action was filed. Whether the administrative complaint can be reopened now that we have concluded that the civil complaint was properly dismissed is not an issue before this court in considering the certified question.

8. Supplemental Affidavit of Cora J. Barr and Affidavit of Theresa L. Dutton. JPT disputes East's claim that it had failed to post the required notice. It contends it could prove at trial that notice had, in fact, been posted.

9. We have also ruled that equitable modification of a statute of limitations was appropriate in a case that did not fall under either of these exceptions. *See Simpson v. District of Columbia Office of Human Rights*, 597 A.2d 392 (D.C.1991) (three-year statute of limitations for review of a DHR finding of no probable cause on plaintiff's discrimination complaint subject to equitable modification where plaintiff who had appealed the finding to this court could not have been expected to anticipate subsequent unrelated case suggesting that review was proper in Superior Court).

done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run....'" *Id.* (alteration in original) (quoting *Hornblower v. George Washington University*, 31 App.D.C. 64, 75 (1908)). This court has construed the lulling doctrine narrowly. *Id.* (citing *Bailey v. Greenberg*, 516 A.2d 934, 937 (D.C.1986)). A second exception, the discovery rule,

> is designed to prevent the accrual of a cause of action before an individual can reasonably be expected to discover that he has a basis for legal redress, [and] the statute should not commence until a claimant knows, or through the exercise of due diligence, should know, that his injury resulted from someone's wrongdoing.

*Bussineau v. President & Dirs. of Georgetown College*, 518 A.2d 423, 430 (D.C.1986); *see also Kidwell v. District of Columbia*, 670 A.2d 349 (D.C.1996).

Neither the lulling doctrine nor the discovery rule applies to the present case. With respect to lulling, our case law requires some affirmative action on the defendant's part that goes beyond failure to post notice of the law.[10] We have noted that "mere silence, failure to disclose, or ignorance of facts establishing a claim" generally do not rise to the level of affirmative misconduct. *Young, supra* note 10, 412 A.2d at 1192.

█ With respect to the discovery rule, our caselaw makes clear that the rule concerns situations where the *fact* of an injury is not readily apparent, and establishes the accrual date for limitations purposes as the time when a plaintiff discovered or should have discovered all of the essential elements of a possible cause of action. *Farris v. Compton*, 652 A.2d 49, 54 (D.C.1994).[11] Thus, "for a cause of action to accrue where the discovery rule is applicable, one must

know or by the exercise of reasonable diligence should know (1) of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Bussineau, supra*, 518 A.2d at 435.

█ The discovery rule does not apply to circumstances, such as those presented here, where the plaintiff has failed to discover the relevant law even though the existence of an injury is apparent. *See Kidwell, supra*, 670 A.2d at 353 ("[The filing] deadline is tolled 'until the *facts* that would support a charge of discrimination under Title VII were apparent or should have been apparent....'") (emphasis added) (citation omitted). Although East learned of her possible remedies only on March 6, 1994, the discovery rule does not apply in this case because the focus of the rule is on when she gained the *general* knowledge that her firing by her employer was wrongful, not on when she learned of *precise* legal remedies for the firing. Her general knowledge that her termination was improper was enough to require her to seek legal assistance, and failure to seek such advice does not toll the statute of limitations under the discovery rule. *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir.1983) (citations omitted).

### III.

East contends that the doctrine of equitable tolling should apply in this case because of JPT's failure to post the required notice under DCHRA. She argues that the one-year limitation period did not begin to run until March 6, 1994, when she first learned of her possible right to recover under DCHRA. Thus, the complaint filed March 3, 1995, just under one year later, was timely. She relies on a line of cases in which federal courts have held that equitable tolling may be prop-

---

**10.** In *William J. Davis, Inc. v. Young*, 412 A.2d 1187 (D.C.1980), for example, an employer intentionally underreported the hours worked by employee after the legal minimum wage increased, while continuing to pay the employee the same amount he was paid before the new law took effect, in order to avoid increasing the employee's take-home pay. Because the employee's pay remained the same, he did not realize he was being underpaid. We found that equitable tolling was warranted because the employer's con-

duct had affirmatively lulled the employee into inaction. *See also Bailey, supra*, 516 A.2d at 937.

**11.** In cases where the discovery rule applies, the moment of accrual of the cause of action is not defined by statute, but has been left to the determination of the courts. *Farris, supra*, 652 A.2d at 54 (citing *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1198 (D.C.1984)).

er where an employer has failed to post required notice under the ADEA or Title VII. *See, e.g., Kale v. Combined Ins. Co. of America,* 861 F.2d 746 (1st Cir.1988); *McClinton v. Alabama By–Products Corp.,* 743 F.2d 1483 (11th Cir.1984); *Vance v. Whirlpool Corp.,* 716 F.2d 1010 (4th Cir. 1983); *Earnhardt v. Puerto Rico,* 691 F.2d 69 (1st Cir.1982); [12] *Kephart v. Institute of Gas Tech.,* 581 F.2d 1287 (7th Cir.1978).

Every case East cites, however, involved tolling of the 180–day or 300–day period [13] for filing notice of intent to file an *administrative* claim under the ADEA or Title VII. None of the cited cases hold that failure to post notice permits equitable tolling of the statute of limitations for filing suit in court under the ADEA or Title VII.[14] Indeed, several federal cases have explicitly distinguished between tolling the shorter administrative statute of limitations and tolling the two-year statute of limitations for filing suit in court.[15] *See Kazanzas, supra,* 704 F.2d at 1530; *McClinton, supra,* 743 F.2d at 1486 n. 5 (citing *Kazanzas* ). East was unable to cite a single federal case in which a limitations period for filing a *legal* action was tolled based solely [16] on an employer's failure to post required notice under the ADEA or Title VII.[17]

**12.** The court in *Earnhardt* suggests that the statute of limitations might be tolled for failure to post a required notice, but declines to adopt this principle on the undeveloped record in that case. *Earnhardt, supra,* 691 F.2d at 73.

**13.** The statute of limitations for filing an administrative claim under the ADEA is 180 days or 300 days in any state with laws prohibiting age discrimination and an agency charged with investigating such claims. 29 U.S.C. §§ 626(d), 633(b) (1994). *See Kale, supra,* 861 F.2d at 750. The same is true for an administrative claim filed under Title VII. 42 U.S.C. § 2000e–5(e)(1) (1994).

**14.** Under both the ADEA and Title VII, the filing of an administrative claim with the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to filing a lawsuit. 29 U.S.C. §§ 626(d), 633(b) (1994); 42 U.S.C. § 2000e–5(f) (1994).

**15.** Prior to passage of the Civil Rights Act of 1991 ("1991 Act"), the statute of limitations under the ADEA was two years from the date the alleged discrimination occurred or three years from that date for willful violations. *See, e.g., Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 887, 888 (2d Cir.1995). Under the 1991 Act, a plaintiff now must file suit within 90 days of receiving a right-to-sue letter from the EEOC. 29 U.S.C. § 626(e) (1994). *See also id.; Iverson v. Southern Minnesota Beet Sugar Coop.,* 62 F.3d 259 (8th Cir.1995). Under Title VII, suit must be filed within 90 days of receipt of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1) (1994). *See also Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir.1996).

**16.** In *EEOC v. Kentucky State Police Dep't,* 80 F.3d 1086 (6th Cir.1996), the Sixth Circuit found no abuse of discretion in the trial court's equitable tolling of the two-year statute of limitations for bringing suit under the ADEA. The court identified five factors to consider when determining the appropriateness of equitable tolling of such a statute: "(1) lack of actual notice ...; (2) lack of constructive knowledge ...; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the notice requirement." 80 F.3d at 1094 (quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988). In reaching its decision, the court relied in part on the employer's failure to post required notice of the ADEA and in part on the omission of any reference in the Kentucky State Police Department's employee manual to age discrimination as a prohibited employment practice. Taken together, the two factors rose to the level of " 'affirmative misleading conduct.' " *Id.* at 1095. No such circumstance is present under the facts of this case.

**17.** We have discovered one case, *Callowhill v. Allen–Sherman–Hoff Co.,* 832 F.2d 269 (3d Cir. 1987), in which a federal appeals court equitably tolled the two-year statute of limitations under the ADEA for a period of twenty-one days as a result of the employer's failure to post required notice. The court based its ruling in part on the fact that a plaintiff is barred from bringing suit for sixty days after the filing of an administrative claim under the ADEA. *See* 29 U.S.C. § 626(d) (1994). Because the plaintiffs did not learn of the ADEA until a little over a month before the two-year period was to expire, they were effectively prevented from filing suit in a timely manner because the sixty-day limit would have barred them from filing before the statute had run.

The court emphasized the "unique facts" of *Callowhill* and the "limitations" of its ruling. 832 F.2d at 273–74. It strongly suggested that the statute of limitations would not have been tolled if the defendant had not been apprised of the claims against it within the limitations period. The court stated that in "circumstance[s in which] the equities in favor of a plaintiff might be no less than those here, a court, aware of its obligation ordinarily to apply a statute of limitations, might hold the action barred." *Id.* at 274 (citation omitted).

In *Kazanzas*, the district court had ruled that the limitations period for filing an administrative claim should be equitably tolled based on the employer's failure to post the required notice of employees' rights under the ADEA and on Kazanzas' resulting ignorance of the ADEA. The district court also ruled that the two-year statute of limitations for filing an action in court begins to run from the date on which the administrative claim is filed rather than from the date on which the cause of action accrues, and therefore did not address the issue of whether the two-year statute of limitations was also tolled. On appeal, the Eleventh Circuit held first that equitable modification of the 180–day period was warranted because of the employer's failure to post notice of the requirement of the ADEA. The court also held that the two-year statute of limitations begins to run from the date on which the cause of action accrues, and that the suit was time-barred because "the factors which led the district court to equitably modify the 180–day provision do not mandate the tolling of the [two-year] statute of limitations." *Kazanzas, supra,* 704 F.2d at 1530.

The *Kazanzas* court weighed several factors in determining that the two-year period should not be tolled, including "the normal rule that '[i]gnorance of . . . legal rights or failure to seek legal advice, [does] not toll the statute,'" *id.* (alteration in original) (citations omitted); the fact that the required notice did not mention the two-year limitations period, *id.;* and Kazanzas' actual awareness of his right to be free of age discrimination even if he may have been unaware of the ADEA itself, *id.* at 1530–31.[18] Given Kazanzas' general awareness of his rights at the time of his discharge, the court noted that his ignorance of the ADEA itself was "not important . . . because he did nothing to pursue his claim for more than two years." *Id.* at 1531.

While federal precedent on the subject of equitable tolling of the ADEA and Title VII may be persuasive in some circumstances, it is not necessarily dispositive of whether equitable tolling is available under DCHRA. Although we have recognized that DCHRA is analogous to the ADEA and Title VII in some important respects, *see, e.g., Arthur Young & Co. v. Sutherland,* 631 A.2d 354, 361 n. 17 (D.C.1993) ("This court has 'often looked to cases construing Title VII . . . to aid us in construing the [DCHRA]'" because "[t]he anti-discrimination provisions of both statutes are substantially similar") (citations omitted), we have also observed that it is different from the federal statutes in other significant ways, *cf. Anderson, supra* note 6, 552 A.2d at 862–63 (distinguishing Title VII's requirement that plaintiff file administrative claim prior to lawsuit and DCHRA's "*ab initio* election of remedies").[19] Because

18. *Kazanzas* did not foreclose the possibility that the statute of limitations for filing suit might be tolled under some circumstances. 704 F.2d at 1529 ("Although in some circumstances the factors mandating tolling of the 180 day provision would also toll the statute of limitations, it is important to separately analyze the tolling of each period, as certain factors may only be applicable to one of the periods.").

19. Another difference between the federal statutes and DCHRA concerns the notice required to be posted. Both the ADEA and Title VII require the posting of a notice "prepared or approved" by the EEOC. 29 U.S.C. § 627 (1994); 42 U.S.C. § 2000e–10 (1994). The EEOC notice sets forth the circumstances that constitute discrimination under federal law and provides the address of an EEOC office.. *See McClinton, supra,* 743 F.2d at 1487 (reprinting EEOC notice). At times, the EEOC notice has specified the deadline for filing an administrative claim. *See, e.g., Kazanzas, supra,* 704 F.2d at 1530 (EEOC-approved notice in 1977 stated that employee must file administrative claim within 180 days). However, at other times the approved notice has simply stated that an aggrieved employee should contact an EEOC office "immediately." *See, e.g., Kale, supra,* 861 F.2d at 755; *McClinton, supra,* 743 F.2d at 1485 n. 2. So far as we have been able to determine, the EEOC-approved notice has never mentioned the limitation period for filing suit in court. *See, e.g., Kazanzas, supra,* 704 F.2d at 1530.

In contrast, the notice required by DCHRA is even less informative. DCHRA requires the posting of "a notice whose language and form has been prepared by [DHR]." D.C.Code § 1–2522. A copy of the DCHRA notice provided by the parties to this case and dated March 24, 1994, lists the types of discrimination that are illegal under DCHRA and provides DHR's address and phone number. The notice states that the office should be contacted "for information, or to file complaints of possible violations." The required DHR notice does not mention time limits for filing either an administrative or court complaint. A copy of the notice required by DHR, which was provided by the parties, is attached as an appendix.

DCHRA is not identical to the federal statutes, therefore, federal precedent allowing equitable tolling does not necessarily dictate the same result under DCHRA. In any event, for the reasons stated below, we need not decide whether failure to post required notice under DCHRA tolls the one-year statute of limitations for filing a civil action.

## IV.

The district court ruled that East's suit in federal court was not timely filed because she waited nearly a year from the time she first learned of her right to be free from discrimination under DCHRA before filing her action. The district court stated:

> The[ ] ... facts indicate that Plaintiff had at least a general knowledge of her right to be free from discrimination in employment decisions [on March 6, 1994, nearly a year after she was terminated]. *Inexplicably, Plaintiff waited close to a year before she filed this lawsuit on March 3, 1995* .... Thus, the Court will not toll the time limit for the approximately two years, following her termination, it took Plaintiff to obtain legal counsel and file her lawsuit.

Memorandum Opinion and Order, No. 95–450, slip op. at 5 (D.D.C. February 20, 1996) (emphasis added). We agree with the trial court on this point.

Although we have never expressly so held, we have intimated that even where equitable tolling is proper, a plaintiff must nonetheless bring the action within a reasonable period upon acquiring the information needed to support the plaintiff's cause of action. *See Kidwell, supra,* 670 A.2d at 353 n. 8 (quoting *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 453 (7th Cir.1990)).[20]

In *Cada,* the Seventh Circuit held that "a plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information." *Cada, supra,* 920 F.2d at 453. The *Cada* court emphasized that the doctrine of equitable tolling does not necessarily give plaintiff the entire statutory period from the time the plaintiff acquires the missing information in which to file a complaint.[21] The court explained the basis for its holding as follows:

> We do not think equitable tolling should bring about an automatic extension of the statute of limitations by the length of the tolling period or any other definite term. It is, after all, an equitable doctrine. It gives the plaintiff extra time if he needs it. If he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations.

*Id.* at 452 (citation omitted). Cada first learned enough information to bring his action some two months after his cause of action arose, which was well within the applicable statute of limitations. He then waited nearly eight months to file his complaint, which he filed about two weeks outside the 300–day limitation period as measured from

---

**20.** In *Kidwell,* this court applied the discovery rule to a gender discrimination suit, reversing the trial court's award of summary judgment to defendant on a claim brought under Title VII, 42 U.S.C. § 2000e *et seq.* (1988). We held that the 300–day statutory period for filing an administrative complaint under the EEOC was "tolled 'until the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.' " *Kidwell, supra,* 670 A.2d at 353 (quoting *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975)).

**21.** The *Cada* court described the differences between the discovery rule, equitable estoppel, and equitable tolling. The discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured...."

920 F.2d at 450. Equitable estoppel, sometimes called fraudulent concealment, "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Id.* at 450–51 (citations omitted). This is a general equity principle, not limited only to the statute of limitations context. *Id.* at 450. Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451. It differs from equitable estoppel in that "it does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing"; it differs from the discovery rule in that "the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run." *Id.*

the time the cause of action arose. The Seventh Circuit held that Cada's delay in filing was not reasonable. In this case, East delayed her filing even longer, waiting close to a year from the date on which she became aware of her right to be free of discrimination under DCHRA[22] and two years from the date on which the alleged discrimination occurred before filing suit. As we have said, we agree with the trial court that such a delay was unreasonable.[23]

■ Statutes of limitations serve an important judicial function. As the court said in *Cada:*

> Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose.

*Id.* at 452–53. It is particularly important that employment discrimination suits be brought promptly. As this court noted in *Davis v. Potomac Electric Power Co., supra* note 6, 449 A.2d at 280:

> Claims of discrimination advanced by employees against their employers are apt to become stale quickly because the evidence necessary to support or refute such claims often consists of subjective estimations of the discriminatory 'climate' at the workplace as well as business records and other forms of impermanent data.

The *Cada* court highlighted another important reason for promptness in bringing discrimination suits:

> The statute of limitations is short ... in most employment cases because delay in the bringing of suit runs up the employer's potential liability; every day is one more day of backpay entitlements. We should not trivialize the statute of limitations by promiscuous application of tolling doctrines.

*Cada, supra,* 920 F.2d at 453. Equitable tolling, when applicable, does not extend the statute of limitations indefinitely. Plaintiff is required to bring suit within a reasonable time after she obtains, or by due diligence could obtain, the information necessary to pursue the claim; unless the plaintiff does so, she cannot avoid the bar of limitations. Otherwise, the policies underlying the one-year statute of limitations for discrimination claims under the DCHRA would be undermined.

Even assuming the applicability of equitable tolling principles where an employer fails to comply with the notice-posting requirements of the DCHRA, the doctrine would not operate under the circumstances presented here, where plaintiff failed to file her action in court within a reasonable time after she obtained, or by due diligence could have obtained, the information necessary to file her complaint.[24]

The clerk shall certify this answer to the United States Court of Appeals for the District of Columbia Circuit.

*So ordered.*

---

**22.** As of March 6, 1994, the date she allegedly learned of DCHRA at a social event, East was presumed to have all the knowledge she needed to bring suit under the Act. *Cf. Kale, supra,* 861 F.2d at 754 ("Equity only requires that a plaintiff be aware that a statute has been passed that protects workers against age discrimination. It does not require that he know of all the filing periods and technicalities contained in the law."). Indeed, at least by the next day when she phoned DHR, East knew as much about her rights under DCHRA as she could have known by reading the notice required under the statute.

**23.** Our law makes clear that a plaintiff's burden of exercising reasonable diligence in pursuing

her claims is not mitigated by the defendant's actions. *Diamond v. Davis,* 680 A.2d 364, 378 (D.C.1996). *See also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

**24.** East also claims that the employer's failure to post the required notice is a continuing violation. However, termination of employment ordinarily terminates the discrimination against the severed employee, and starts the limitations clock running. *Davis, supra,* 449 A.2d at 282. Thus, East is still almost two years too late in filing her complaint.

MACK, Senior Judge.

Without expressing any view as to applicable law, I concur in the conclusion only (*i.e.*, that under the specific facts of this case, the employee cannot prevail).